Brown, Plaintiff in error, vs. The State, Defendant in error.

*October 2 — October 22, 1895.*

*Criminal law and practice: Preliminary examination: Waiver: Different offense charged in information: Perjury: Pleading.*

1. Waiver of preliminary examination on a complaint charging perjury committed in the county court on October 7, 1892, is not a waiver of such examination on the charge contained in an information subsequently filed, alleging the commission of perjury in the circuit court on December 16, 1892.

2. To charge the crime of perjury the information must state directly and positively that the accused was sworn and testified, and it is not sufficient to allege that, "being lawfully required to depose to the truth on his oath legally administered, . . . and being then and there required to testify," he did "wilfully and corruptly commit the crime and offense of perjury," etc.

Error to review a judgment of the circuit court for Waukesha county: A. Scott Sloan, Circuit Judge. *Reversed.*

The plaintiff in error was arrested on a complaint which charged him with the crime of perjury, committed during the trial of a cause in the county court of Waukesha county on the 7th day of October, 1892. Being brought before the magistrate who issued the warrant, he waived examination and was held to answer in the circuit court. In the circuit court an information was filed charging him with the crime of perjury committed during the trial of a cause in the circuit court for Waukesha county on the 16th day of Decem-

ber, 1892. The plaintiff in error pleaded in abatement that he had had no examination for the offense charged in the information. The court overruled his plea in abatement.

The information was as follows: "I, C. E. Armin, district attorney for said county, hereby inform the court that on the 16th day of December, A. D. 1892, at said county, *Fred Brown* did, being lawfully required to depose the truth, on his oath legally administered in the circuit court in and for the county of Waukesha and state of Wisconsin, in a certain action then and there pending, wherein Mary E. Higgins, known as Mary E. Thompson, was appellant, against the estate of Jones B. Higgins, deceased, and being then and there required in said case before said court, respecting matters therein in controversy, to testify therein as authorized by law, wilfully and corruptly commit the crime and offense of perjury, in this, to wit: That he was present at the marriage of Jones B. Higgins and Mary E. Thompson, in the city of Milwaukee, April 5, 1892, and saw said marriage ceremony performed, and was a witness thereto, whereas, in truth and fact, the said *Fred Brown* was not present at the said marriage ceremony and did not see the marriage ceremony performed; and where the said marriage ceremony was never performed, as the said *Fred Brown* then and there well knew. And that said testimony was material to the trial of the said case, as said defendant then and there well knew,— against the peace and dignity of the state of *Wisconsin*."

The trial resulted in the conviction of the defendant. He moved in arrest of judgment on the ground of the want of a preliminary examination, and that the court had no jurisdiction to sentence him. The motion was overruled, and the plaintiff in error was sentenced to four years in the state prison.

*D. J. Hemlock*, for the plaintiff in error, argued, among other things, that the information on which the defendant

was tried and convicted is defective for the reason that it does not allege that the defendant "did wilfully and corruptly swear," etc., and that the testimony so given was false. *State v. Day*, 100 Mo. 242; 2 Bish. Crim. Law, § 1046; *U. S. v. Babcock*, 4 McLean, 113; *State v. Carland*, 3 Dev. 114; *State v. Hascall*, 6 N. H. 352; *Brookin v. State*, 27 Tex. App. 701; *Green v. State*, 41 Ala. 419; *Cothran v. State*, 39 Miss. 541; 2 Bish. Crim. Proc. (2d ed.), 917; *State v. Hogan*, 30 Wis. 428; *Comm. v. Brady*, 5 Gray, 79; *State v. Morse*, 90 Mo. 91; *U. S. v. Edwards*, 43 Fed. Rep. 67; *State v. Delue*, 2 Pin. 204; 4 Am. & Eng. Ency. of Law, 746; 18 id. 316, and cases cited; *State v. Herrell*, 97 Mo. 105; *Coyne v. People*, 124 Ill. 17; *Comm. v. Smith*, 143 Mass. 169.

For the defendant in error there was a brief by the *Attorney General* and *John L. Erdall*, Assistant Attorney General, and oral argument by the *Attorney General*. They contended, *inter alia*, that the plaintiff in error, having waived a preliminary examination, thereby waived the right to any preliminary examination whatever as to any matters which might be inquired into at that hearing. The waiver did not make it any the less the duty of the district attorney to examine into "all the facts and circumstances" of the case, file the proper information, and allege when and where the crime was in fact committed. If, in the discharge of his duties, the district attorney discovered that the complainant made an error in stating the date of the offense or the court in which it was committed, it was clearly his duty to file an information describing the offense alleged to have been committed.

NEWMAN, J. It is evident that the charge of having committed the crime of perjury by giving false testimony in the county court on the 7th day of October, 1892, and the charge of having committed the crime of perjury by giving false testimony in the circuit court on the 16th day of De-

cember, 1892, are charges of two separate and distinct crimes. The complaint charges one crime. The information charges another. There is nothing to show that it was intended by the information to charge the same crime as was charged by the complaint. The contrary intention is evident. It is clear that the plaintiff in error never had a preliminary examination, nor waived it, for the offense charged in the information. The plea in abatement should have been sustained.

The information is essentially bad. To charge the crime of perjury, the information must at least charge that the accused was *sworn* and *testified*. These facts must be alleged directly and positively, and not by way of inference or recital. They must be alleged with certainty, to a certain intent, in general. Bish. Crim. Proc. (4th ed.), §§ 325, 508, 554; *State v. Divoll*, 44 N. H. 140. This information does not allege that the accused was sworn at all, or that he testified at all. The only allegation relating to these facts is that, " being lawfully required to depose the truth, on his oath legally administered, . . . and being required to testify, . . . did wilfully and corruptly commit the crime and offense of perjury, in this, to wit: That he was present," etc. Surely to say " being required to depose the truth, on his oath legally administered," is not equivalent to saying that he " was sworn and took his corporal oath," as the old forms have it. Whart. Prec. Ind. 277–279; *State v. Divoll*, 44 N. H. 140. It is neither a direct nor a positive allegation that he was sworn. It may appear by uncertain inference that the pleader intended his phrase to stand in the place of such necessary allegation. Nor is it sufficient to say that he was required to testify. It should be alleged that he did testify. It is not alleged that the accused testified " that he was present," etc., or to any of the matters recited. It is no sufficient substitute for these necessary allegations to charge generally that he " did commit wil-

ful and corrupt perjury." The court should have arrested judgment.

*By the Court.*— The judgment is reversed, and the cause remanded for further proceedings according to law. The warden of the state prison will surrender the plaintiff in error to the sheriff of Waukesha county, who will hold him in custody until he shall be discharged or his custody changed by due course of law.

