# Bryant *v.* The State.

## *Petit Larceny.*

(Decided Jan. 20th, 1909. 48 South. 543.)

1. *Criminal Law; Transfer of Jurisriction; Pending Causes.*—A proceeding in which a warrant has been issued, but not served, is such a "pending cause" as is within the terms of Local Acts 1907, p. 289, creating the Law and Equity Court of Lee County, and transferring all pending causes to that court.

2. *Limitations of Action; Commencement of Prosecution; Service of Writ.*—The finding of an indictment, the issuance of a warrant, or the binding over of a person, is such a commencement of a proceeding (Sec. 5074, Code 1896) as stops the running of the statute of limitations, since by such proceeding the court acquires jurisdiction of the offense, the subject matter, although jurisdiction of the person has not been acquired by service of the writ.

3. *Criminal Law; Necessity for Filing Complaint.*—A cause transferred from the county court of Lee county to the Law and Equity court thereof, is not within the purview of Section 8, General Acts, 1907, p. 263, creating the law and equity court, and in such cases the solicitor is not under the necessity of filing a complaint on the warrant and affidavit.

4. *Indictment and Information; Offenses Included; Larceny.*—A conviction of petit larceny may be sustained under an indictment or complaint charging that offense, although the evidence shows the value of the property stolen sufficient to constitute the offense of grand larceny; the conviction will constitute a bar to further prosecution for larceny of the property, whether grand or petit. (Secs. 5049, 5050, Code 1896.)

APPEAL from Lee County Law and Equity Court.

Heard before Hon. ALBERT E. BARNETT.

From a conviction for petit larceny, Joe Bryant appeals. Affirmed.

B. T. PHILLIPS, for appellant. A criminal case is not pending until the arrest of the defendant.—22 A. & E. Ency. Law, 655; *State v. Arlin*, 39 N. H. 179; 6 Words and Phrases, 5278; *Hardnet v. The State*, 42 Ohio, 568. Hence this case was not transferred to the law and equity court by the act creating that court, or by the act

[Bryant v. The State.]

abolishing the county court. The defendant's motion to quash and plea to the jurisdiction of the court should have been sutained.—*Jackson v. The State*, 106 Ala. 139; 12 Cyc. 220. The defendant was entitled to a complaint signed by the solicitor.—Sec. Const. 1901; Sec. 8, Acts 1907, p. 271. The proof showed the value of the property to be greater than required to constitute petit larceny, and the defendant was improperly convicted thereof.—*Stone's Case*, 115 Ala. 121; *Storrs Case*, 129 Ala. 101; *Thomas' Case*, 46 South.

ALEXANDER M. GARBER, Attorney General, for the State.

McCLELLAN, J.—On February 20, 1906, a warrant was regularly issued, on affidavit charging defendant with petit larceny, out of the county court of Lee county, and was, of course, returnable thereto. It was executed on March 8, 1908. On July 1, 1907, the Lee county law and equity court came into legal existence.—Acts Reg. Sess. 1907, p. 263. By act approved February 28, 1907 (Loc. Acts 1907, p. 289), the county court of Lee county was abolished, and it was provided that "all cases pending in said county court of Lee county are hereby transferred to the Lee county court of law and equity." The denial of jurisdiction of the law and equity court to try this defendant is predicated upon the idea that the transfer of pending causes thereto did not embrace prosecutions instituted in the county court, process in connection with which had not been executed. The word "pending" cannot be given the restricted meaning ascribed to it by the appellant. The intended meaning of the term "pending" was that all undecided cases in the county court should pass to the law and equity court. That is the common acceptation of it, as here employed.

The prosecution of offenders, the statute (Code 1896, § 5074) provides "may be commenced, within the meaning of this chapter, by finding an indictment, the issuing of a warrant, or by binding over the offender." As indicated, such commencement of the prosecution stops the running of the statutes of limitation in the premises, and manifestly invokes the jurisdiction of the court of the subject-matter, the offense, notwithstanding jurisdiction of the person is not obtained by service of the writ. And we know of no statute compelling the return within any period of the unserved writ. Clearly a prosecution circumstanced as this one was was in suspense in the county court, was undetermined there, and was subject to the provision for transfer of all pending cases to the law and equity court. Any other construction of the act would, in effect, declare its intention to have been to nulify prosecutions in which a fleeing defendant had not been arrested. No such premium on flight is created by the act.

Section 8 of the act creating the law and equity court requires the trial of misdemeanors "returned by justices of the peace, or appeals from justices or other courts," to be "tried upon complaint of the solicitor." This case, transferred by the act abolishing the county court, does not belong to either of the classes enumerated or stated in section 8; and hence the solicitor was not required to file a complaint.

The proof on the trial showed without conflict that the property lost by Thornton was $10 or $12 in money. Under the larceny statute the taking of property of that value is grand larceny. The defendant insists that he could not, under this state of proof, be convicted of petit larceny as charged in the affidavit. The contention cannot be sustained as the statute now stands. The result would have probably been different, had the statute been as in the Code of 1886.—See *Stone's Case*, 115 Ala.

121, 22 South. 275. But Code 1896, §§ 5049, 5050 wrought such a change as that a conviction of petit larceny could be had under a charge of grand larceny, thus eliminating the indivisible effect, in respect of these crimes, as upon the statute.—Code 1886, § 3789; *Storr's Case,* 129 Ala. 101, 29 South. 778.

Such being the case, the conviction of the defendant of petit larceny under the later statute (Code 1896), notwithstanding the proof showed a value sufficient to make the offense larceny, affected to bar a prosecution for grand larceny for the same act. In consequence, the defendant is unharmed by, and cannot complain of, a conviction of a lesser grade of offense than that the value taken would have sustained. The testimony tended to show that Thornton, whose money was alleged to have been taken by defendant, told defendant that he had found out who got his money, and the further testimony tending to show that defendant left defenant's wagon and disappeared was clearly admissible, in connection with other testimony tending to show flight and as evidencing a noninnocent motive for such flight, if the jury so contemplated his sudden departure.

The affirmative charge for defendant was well refused. The question of defendant's guilt was for the jury. The trial was without prejudicial error, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.