THIES, Plaintiff in error, vs. THE STATE, Defendant in error.

*June 10—July 8, 1922.*

*Criminal·law: Change of venue before information filed: Preliminary examination: Purpose and scope: Waiver: Offenses charged: Incest: Evidence: Sufficiency.*

1. Although the issues in a criminal case are not made up by the issuance of a warrant upon a complaint filed before an examining magistrate and his return to the trial court finding an offense has been committed and that there is probable cause to believe the defendant guilty ·thereof, there is a cause pending within the meaning of sec. 4679, Stats., and an order changing the venue because of the prejudice of the people could be made.

2. Even if it were error to change the venue before an information was filed, it was not prejudicial error, but a mere irregularity which should be disregarded, in view of sec. 3072m, Stats.

3. Although sec. 8, art. I, of the constitution (as amended in 1870) provides that no person should be held to answer a criminal offense "without due process of law," the statute providing for informations is valid; and the legislature has power to prescribe by whom, in what manner, and under what circumstances an information may be exhibited.

4. The purpose of a preliminary examination is to prevent hasty, malicious, improvident, and oppressive prosecutions; to protect the person charged from open and public accusations, to avoid the expense of a public trial, to save defendant from the humiliation and anxiety involved in public prosecutions, and to discover whether there are substantial grounds upon which a prosecution may be based.

5. Where a preliminary examination has been waived, the district attorney may file an information for any offense growing out of the transaction set out or attempted to be set out in

the complaint, as a waiver of preliminary examination is a waiver of inquest into the transaction charged and as to any offense growing out of the transaction.

6. A preliminary examination is not a trial, and the rules that govern criminal pleadings and procedure, the scope and import of trial issues, and the relevancy of evidence are not applicable.

7. In a prosecution for incest it is *held* that there was sufficient evidence upon which the jury could find the defendant guilty, and the order of the trial court refusing to set aside the verdict and denying a new trial is affirmed.

ERROR to review a judgment of the circuit court for St. Croix county: GUSTAVE G. GEHRZ, Judge. *Affirmed.*

On the 13th day of May, 1921, one Marie H. Thies made complaint before a justice of the peace for Pepin county that

"On the 25th day of November in the year 1920, at said county of Pepin, to wit, at the town of Frankfort in said county, *Carl W. Thies* did unlawfully and feloniously ravish and carnally know her, the said Marie H. Thies, she then and there being a female of the age of sixteen years and more, by force and against her will, contrary to the form of the statute," etc.

A warrant was thereupon issued, and on the 31st day of May, 1921, *Carl W. Thies,* the plaintiff in error here, but hereinafter referred to for convenience as the defendant, was brought before the justice of the peace for examination. Upon the examination the state introduced no evidence, the defendant waived a preliminary examination, and was bound over for trial at the next regular term of the circuit court for Pepin county. At the next regular term of the circuit court for Pepin county the defendant, before an information was filed, made application for a change of venue on the ground of prejudice of the people, and upon his application the court ordered the venue changed to St. Croix county, Wisconsin. The case came on for trial on the 31st day of October, 1921, and the dis-

trict attorney of Pepin county filed an information against the defendant as follows:

"I, C. A. Ingram, district attorney for Pepin county, Wisconsin, do hereby inform the court that on the 25th day of November, 1920, at said county of Pepin, one *Carl W. Thies* did then and there commit adultery and fornication upon and with one Marie H. Thies, they not being lawfully married to each other, and being within the degree of consanguinity within which marriages are prohibited and declared by law to be incestuous and void, and the said *Carl W. Thies* being then and there the father of said Marie H. Thies, and the said Marie H. Thies being then and there the daughter of said *Carl W. Thies,* contrary to the form of the statute," etc. Dated October 31, 1921.

The defendant thereupon made a motion to quash the information on the grounds that the circuit court for St. Croix county was without jurisdiction over the person of the defendant, *Carl W. Thies;* second, that the circuit court for St. Croix county was without jurisdiction of the subject matter of the offense stated in the information, for the defendant had no preliminary examination and never waived the same. Both motions were denied. Thereafter the defendant refused to plead to the information, and the court entered a plea of not guilty and the case proceeded to trial. At the close of the state's case the defendant moved that he be discharged on the same grounds on which the motion to quash the information was based. At the close of all the testimony the defendant moved that he be discharged on the same grounds. Both motions were denied. The case was submitted to a jury, which found the defendant guilty of incest, and the defendant thereupon moved the court for an arrest of judgment upon substantially the same grounds upon which the motion to quash the information was based, which motion was denied, and thereupon the court sentenced the defendant to the state prison for the term of three years. There was a motion

to set aside the verdict and for a new trial in the usual form, which motion was denied. Due exceptions were taken to all of the motions, and a writ of error was sued out to review the judgment of the circuit court for St. Croix county.

For the plaintiff in error there was a brief by *E. S. Pattison* of Durand, *G. L. Pattison* of Mondovi, and *Cowie & Hale* of La Crosse, and oral argument by *R. S. Cowie* and *E. S. Pattison.*

For the defendant in error there was a brief by the *Attorney General* and *J. F. Baker,* assistant attorney general, and oral argument by *Mr. Baker.*

ROSENBERRY, J.    It is contended on behalf of the defendant that the circuit court for St. Croix county had no jurisdiction for the reason that the district attorney of Pepin county had filed no information prior to the order changing the venue from Pepin county to St. Croix county and that therefore there was no cause pending within the meaning of sec. 4679, Stats.:

"All criminal cases shall be tried in the county where the offense was committed, except where otherwise provided by law, unless it shall appear to the satisfaction of the court, by affidavit, that a fair and impartial trial cannot be had in such county; in which case the court before whom the cause is pending . . . may direct the person accused to be tried in some adjoining county. . . ."

It is the contention of the defendant that it is the clear purpose and intent of the statute that an indictment or information must be filed before the venue is changed, and the defendant seeks to further sustain the argument by reference to sec. 4681, Stats.:

"When the venue is changed to another county in a criminal case the district attorney of the county where the indictment was found or information filed shall prosecute the case for the state. . . ."

Reference is also made to sec. 4649, Stats., in regard to filing of informations by the district attorney, and sec. 4653, Stats., requiring a statement to be filed at or before the term of the court at which the defendant shall be held for appearance for trial, citing *Goyke v. State,* 136 Wis. 557, 117 N. W. 1027, 1126.

In this case the order changing the venue was entered upon application of the defendant and was made for his benefit, to the end that he might be given a fair and impartial trial. While the issues are not made up by the issuance of a warrant upon a complaint filed before an examining magistrate and the return of the magistrate to the circuit court finding that an offense has been committed and that there is probable cause to believe the defendant guilty thereof, nevertheless the cause is pending within the meaning of sec. 4679, Stats. *Bryant v. State,* 158 Ala. 26, 48 South. 543; *Hartnett v. State,* 42 Ohio St. 568.

Even were it otherwise, the failure to file the information prior to the time that the order changing the venue was entered, which order was made upon the application of the defendant, affects in no manner and to no extent whatever the substantial rights of the defendant. Under no circumstances, therefore, could it be prejudicial error, but would be at most a mere irregularity which should be disregarded. Sec. 3072*m*, Stats.

It is next urged by the defendant that he has had no preliminary examination for the offense charged in the information and has never waived the same. The complaint upon which the defendant was arrested charged him with the crime of rape, and as to that he waived preliminary examination. The information filed by the district attorney charged him with incest. It is plain, however, that both charges relate to a single transaction or set of circumstances. The only material fact not appearing in the complaint charging him with rape which appears in the information is the relationship of the parties, which of course was well known to the defendant. The objection herein interposed

is purely technical, and in this case at least could not operate to deprive the defendant of any substantial right. However, if the statute accords him the right to a preliminary examination and he has not waived it, he is not foreclosed from asserting it. This requires us to examine the nature and purpose of the preliminary examination. Sec. 8, art. I, Const., as originally adopted, provided that no person should be held to answer a criminal offense unless on the presentment or indictment of a grand jury, except in cases of impeachment or in certain other cases not material here. In 1870 this section was amended to read as follows:

"No person shall be held to answer for a criminal offense without due process of law, and no person for the same offense shall be put twice in jeopardy of punishment, nor shall be compelled in any criminal case to be a witness against himself."

In *Rowan v. State,* 30 Wis. 129, it was held that the words "due process of law" do not require a presentment or indictment by a grand jury in a case where a felony is charged; hence the statute providing for informations is valid, both under sec. 8, art. I, Const. Wis., and under the Fourteenth amendment to the constitution of the United States.

Since the adoption of the amendment of 1870 a presentment or an indictment by a grand jury has been the exceptional proceeding, and by far the greater number of prosecutions in cases of felony have been by information rather than by indictment. The object or purpose of the preliminary investigation is to prevent hasty, malicious, improvident, and oppressive prosecutions, to protect the person charged from open and public accusations of crime, to avoid both for the defendant and the public the expense of a public trial, and to save the defendant from the humiliation and anxiety involved in public prosecution, and to discover whether or not there are substantial grounds upon which a prosecution may be based.

It is not a trial, and the rules that govern criminal plead-

ings and procedure, the scope and import of trial issues, and the relevancy of evidence are not applicable. *Campbell v. State,* 111 Wis. 152, 86 N. W. 555; *State v. McGinley,* 153 Wis. 5, 140 N. W. 332; *Turner v. People,* 33 Mich. 363; *State v. Killion,* 95 Kan. 371, 148 Pac. 643; *U. S. v. Grant,* 18 Philippine Rep. 122; 16 Corp. Jur. 313, and cases cited.

Under the amendment of sec. 8, art. I, adopted in 1870, the court in 1877 held that the legislature has full power to prescribe by whom, in what manner, and under what circumstances an information may be exhibited against any person for any criminal offense. *State v. Leicham,* 41 Wis. 565, 572.

In *State v. Leicham* it was also held that the district attorney was not confined, in filing the information, to the offense charged in the complaint upon which the examining magistrate had proceeded, but that the district attorney might bring the accused to trial for any criminal offense which the testimony taken on the examination showed that he had committed. See *Porath v. State,* 90 Wis. 527, 63 N. W. 1061.

What is the situation of the defendant who waives a preliminary examination? Is the district attorney by such waiver required to file an information for the offense, if any, charged in the complaint and no other? In *Brown v. State,* 91 Wis. 245, 64 N. W. 749, the defendant was charged with committing perjury by giving false testimony in the county court on the 7th day of October, 1892. He waived examination, was bound over to the circuit court, and an information was filed charging him with the crime of perjury by giving false testimony in the circuit court on the 16th day of December, 1892. It was held that two distinct and separate offenses were charged and that there was nothing to show that it was intended by the information to charge the same crime as was charged in the complaint, and it was held that the plea in abatement should have been sustained.

Sec. 4654, Stats., provides:

"No information shall be filed against any person for any offense until such person shall have had a preliminary examination, as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination. . . ."

Sec. 4653, Stats., provides:

"The district attorney of the proper county shall inquire into and make full examination of all facts and circumstances connected with any case of preliminary examination as provided by law, touching the commission of any offense whereon the offender shall have been committed to jail, become recognized or held to bail, and file an information setting forth the crime committed, according to the facts ascertained on such examination and from the written testimony taken thereon, whether it be the offense charged in the complaint on which the examination was had or not. . . ."

It is plain that the statute does not deal in terms with the question presented here. Without attempting to set a definite boundary, we think it clear that a district attorney may, where a preliminary examination is waived, file an information for any offense or offenses growing out of or relating to the transaction charged in the complaint.

*Brown v. State,* 91 Wis. 245, 64 N. W. 749, seems to hold, and we think correctly, that where an entirely different offense growing out of a transaction in no way related to that charged in the complaint is set up, a plea of the want of a preliminary examination may be successfully interposed, but the district attorney may file an information for any offense growing out of the transaction set out or attempted to be set out in the complaint. To hold otherwise would require a holding to the effect that where the complaint failed to state an offense no information could be filed, because, no offense being stated, the preliminary examination for an offense could not be waived on such a

complaint. This is clearly not in accord with the general purpose and scope of the preliminary examination, which is a mere inquest to discover whether or not an offense has been committed, and if it is ascertained that an offense has been committed to discover whether or not there is probable cause to charge the defendant with the commission thereof. It is not a proceeding governed by the technical rules of the common law relating to criminal pleading and procedure, but an inquiry made for the purpose of developing the facts and circumstances so as to enable the district attorney to proceed.

In *Porath v. State*, 90 Wis. 527, 63 N. W. 1061, the defendant was charged with incest. Upon the evidence taken on the preliminary examination the district attorney filed an information containing two counts, one for rape and one for incest. The action by the district attorney in this respect was sustained, and the court said:

"Both counts were founded on the same transaction, and the defendant had in fact had a preliminary examination upon the charge of incest."

Where the defendant waives a preliminary examination he waives an inquest into the transaction charged or attempted to be charged in the complaint, whether it be committed upon the day charged in the complaint or upon some other day, or whether the complaint charges the commission of a particular offense or not. As to any offense growing out of the transaction referred to in the complaint, he is in the same situation that he would be had a preliminary examination been held in reference thereto.

The trial court correctly held under the facts in this case that the defendant had waived his right to a preliminary examination.

It is very earnestly contended here that the evidence introduced by the state is not sufficient to support the verdict. The circumstances in this case are peculiarly revolting. The

story told by the daughter, the prosecuting witness, is in many of its aspects improbable. She testified to a set of circumstances which, if her testimony were true, would authorize the conviction of the defendant for the crime of rape. The defendant upon a former trial was acquitted of that charge in relation to circumstances much like those testified to by the daughter, the time of the occurrence, however, being in March, 1921. A careful reading of the entire record convinces us that under the established rules the verdict of the jury cannot be disturbed.

The conduct of the defendant in requiring his daughter, after she was sixteen or seventeen years of age, to sleep with him, although no crime is charged in relation to that, his jealousy of his daughter when she. desired to associate with other young people, particularly young men, the admitted fact that he dealt harshly and in some instances even cruelly and brutally with the complaining witness and other members of his family, his writing of the following letter:

"Porcupine 3—7 (March 7, 1921).
*"To my family and especially to my daughter Marie:*
"I promise and swear that I will not wrong or do any bodily harm to her as long as I live, so help me God, and to keep steadfast in this promise, and that the law of our country will take me at the first attempt to do her any harm no matter how small, and take care of me.

"Respectfully, CARL W. THIES"—

convinces us that there was sufficient evidence upon which the jury could find the defendant guilty beyond a reasonable doubt. The writing of the letter is particularly significant. A few days before the offense of November 25, 1920, the defendant quarreled with his wife. She and a younger daughter left their home in the nighttime, walked ten miles to the home of the wife's brother, where they remained for over a week, the defendant apparently showing no concern as to their whereabouts. If the letter of March 7th meant nothing more than that the defendant was in the future

to refrain from striking and beating the complaining witness, it is difficult to understand why he should write it. Throughout the testimony he seems never to have shown any feeling of compunction or remorse by reason of his rather brutal treatment of his family. The fact that he permitted his wife and daughter to remain away from home without inquiry or showing any concern as to their welfare for many days indicates his hard and unyielding nature, and readily leads to the conclusion that something much more serious than a mere beating was referred to in the letter of March 7th. If so, it constitutes a clear admission on the part of the defendant. It is the contention of the daughter that at this time the father promised that he would not thereafter repeat the offense with which he is charged in the information in this case, and that the letter was written to assure her and her mother of that fact. The fact that the daughter remained in the home of the father after the treatment accorded her without making complaint may be easily accounted for. She feared that her younger sister, if she left home, might fall into the same situation, and a daughter would naturally not proceed to the extremity of making public complaint except as a last resort and in the face of what was to her overpowering necessity. The testimony of the members of the defendant's family upon the witness stand was not frank; in fact, the testimony of the defendant himself was in that respect much better than the testimony of his wife and children. One of the members of the family was for a time secreted during the trial, and it appears upon the trial of the rape case at Ellsworth two members of the family were sent or went beyond the jurisdiction of the court. There are many circumstances which may have developed upon the trial, not disclosed here by the record, which may have led the jury readily to the conclusion that the defendant was guilty. Sufficient appears here to warrant us in saying that the jury might legally find him guilty beyond a reasonable doubt. The venue of the

action was changed upon his application to a distant county. The trial judge, who was from a distant part of the state, appeared amply satisfied with the verdict and felt that the defendant had a fair trial in every respect. In that view we concur.

*By the Court.*—Judgment affirmed.