STATE, Respondent, vs. DORAN, Appellant.

*October 13—November 7, 1933.*

*Darrell MacIntyre* of Madison and *Clarence Knudson* of Dodgeville, attorneys, and *Lester C. Lee* of Madison of counsel, for the appellant.

For the respondent there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Charlton H. James,* district attorney of Iowa county, and oral argument by *Mr. James, Mr. Joseph G. Hirschberg,* deputy attorney general, and the *Attorney General.*

ROSENBERRY, C. J. The defendant was a painter, fifty-seven years of age, living at Montfort, in Grant county. Rawleigh Shaw, the deceased, was a brother of defendant's wife and lived in Iowa county about five miles from Montfort, on the farm of his father-in-law, Gibson Bowes. Shaw appeared to have been a man given to excessive drink, of a

violent temper, and had had difficulty with his wife. Ida Shaw, the wife of the deceased, was ill and requested the defendant to take her to see a doctor. The defendant drove to the Bowes farm where the deceased and his family lived, arriving there about seven o'clock in the evening. After some conversation with Gibson Bowes, who was present, he had backed up his car preparatory to leaving. At this point the deceased, Rawleigh Shaw, rushed out of the house, grabbed a shovel and attacked the defendant. He struck him once with the shovel blade, inflicting a severe wound on the defendant's arm. Shaw apparently was preparing to strike a second blow when the defendant grasped a small .22 caliber four-barrel Derringer from the pocket of the car, pointed at Shaw and fired. The bullet penetrated the chest cavity, Shaw dropped the shovel, started toward the house, and on the way fell to the ground. The defendant returned, Shaw was placed in defendant's car, and the defendant took him to Montfort where a physician pronounced him dead. The defendant thereupon immediately called the sheriff, explained the circumstances, and submitted to arrest.

The first contention made by the defendant is that the district attorney grossly abused his office for the reason that he did not cause an inquest to be held. We see no point whatever to this contention. The failure of the district attorney to hold an inquest did not in any manner affect the trial.

The principal contention made by the defendant here is that the district attorney suppressed certain evidence. This is based principally upon an affidavit made by Ida Shaw. In this affidavit she stated:

"We met Mr. James (district attorney) on the street here in Dodgeville, about 11:30 on the morning of September 26, 1932. . . .

"The car (of defendant) was jerking and sputtering and then it stopped. I didn't see him (deceased) reach the car.

When I told Mr. James about hearing Mr. Doran start the car, he told me not to tell any one, not even my father. When I told Mr. James about the shovel, he said not to mention it unless the defendant's attorneys brought it up. He didn't want me to testify that I seen my husband grab the shovel and run toward the car."

Upon the trial, Ida Shaw, wife of the deceased, testified as follows:

"And he (the deceased) ran out of the house, but he just went out, you know, just ran out like he was kind of angry. He never said anything, though. Of course we didn't know where he was going, and I never gave it a thought to where he was going. And then we were standing in the little hallway there off from the bedroom. Dad said he heard the shot, but I didn't. He ran out. I ran with him. I was so excited I didn't know, the trouble and everything, and I was sick you know beside."

Accompanying the record is the plat of the premises, from which it appears that if Ida Shaw's testimony given on the trial is true, she could not possibly have seen the deceased pick up the shovel. All of the circumstances connected with the use of the shovel by the deceased in his assault upon the defendant were fully and carefully gone into upon the trial. There was no dispute with respect to it. The fact that the deceased was angry appears conclusively from his conduct. The contention that the district attorney was guilty of misconduct finds no support in the record.

The defendant next contends that the evidence is not sufficient to sustain the verdict. No useful purpose would be served by setting out the testimony at length. It is sufficient to say that upon the record it was clearly and emphatically a question for the jury.

The defendant also contends that the trial court was in error in denying defendant's motion for a new trial based on newly-discovered evidence. The newly-discovered evidence upon which the motion was based consisted of the

statements made by Mrs. Shaw to the district attorney with respect to the deceased grabbing the shovel, which statements have already been considered. The trial court correctly held that the showing made by the defendant was insufficient to entitle the defendant to a new trial.

After judgment and sentence there was a motion to strike certain material contained in affidavits made by the district attorney and his assistant. The motion to strike was made after the judgment was entered from which the appeal is taken and no appeal was taken from the order denying the motion. For that reason the matter is not before this court. It is not intimated that an order denying a motion to strike is appealable in any case.

The complaint upon which the warrant for the arrest of the defendant was issued, charged murder in the second degree. The information filed after the preliminary examination charged murder in the first degree. Defendant contends that it was error to file an information for murder in the first degree and that the court should have required the district attorney to elect upon which particular degree of murder or degree of manslaughter the state relied for conviction. This contention has been passed upon adversely to the defendant. See *State v. Leicham,* 41 Wis. 565; *Porath v. State,* 90 Wis. 527, 63 N. W. 1061; *Thies v. State,* 178 Wis. 98, 189 N. W. 539.

It is further alleged that a new trial should be granted in the interest of justice. The record discloses that the defendant was vigorously defended, the matter was passed upon by a jury, and the court carefully guarded the rights of the defendant at every point. Nothing appears in the record from which it can be said that justice has not been done.

*By the Court.*—Judgment affirmed.