TAYLOR, Judge.
This is an appeal by the State of Alabama from the dismissal of a child neglect case in the Juvenile Court of Montgomery County. The Montgomery County grand jury, on November 5, 1985, indicted appellant Cynthia Wheeler for child neglect in violation of § 12-15-3, Code of Alabama 1975. Wheeler had previously been charged with attempted murder arising out of the same facts but that charge was nol-prossed. The alleged acts giving rise to this child neglect charge occurred in December 1984. The day following the indictment, the accused was arrested and released on bond. She appeared on November 11, 1985, in circuit court, waived arraignment, and pleaded not guilty. On December 30, 1985, she filed a motion to dismiss in circuit court for lack of jurisdiction. On January 13, 1985, Circuit Judge Mark Kennedy ordered the case transferred to juvenile court. This was done on January 15, 1986. .On March 3, 1986, a motion to dismiss was filed in juvenile court on the grounds that the filing in juvenile court on January 15, 1986, took place more than one year after the misdemeanor was committed and therefore prosecution was barred under § 15-3-2. The court granted this motion on April 25,1986. The issue presented is whether the indictment and commencement of prosecution in this case tolled the running of the statute of limitations.
Section 15-3-2, Code of Alabama 1975, provides:
“[prosecution of all misdemeanors before a circuit or district court must be commenced within 12 months after the commission of the offense.”
An indictment is the commencement of a prosecution. Section 15-3-7, Code of Alabama 1975, states that “[a] prosecution may be commenced within the meaning of this chapter by finding an indictment, the issuing of a warrant, or by binding over the offender.” To the same effect, and giving the literal meaning to the words of the statute, is Watkins v. State, 455 So.2d 160 (Ala.Cr.App.1984). It must be obvious that a prosecution is commenced when an indictment is returned. See Bryant v. State, 158 Ala. 26, 48 So. 543 (1909). The statute relied on by appellee states that the juvenile court “shall have exclusive original jurisdiction: (1) to try any minor or adult ...” § 12-15-31, Ala.Code 1975 (emphasis supplied). The argument of the appellee that the case only began when it was transferred from Circuit Judge Mark Kennedy to Circuit Judge Richard Dorrough, sitting as a judge of the juvenile court, is not well taken. Accordingly the judgment dismissing this prosecution is reversed and the case remanded for trial or other proceedings not inconsistent herewith.
REVERSED AND REMANDED.
All the Judges concur.