STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph P. BURY, Defendant-Appellant.†

Court of Appeals

*No. 00–0478–CR. Submitted on briefs December 7, 2000.——Decided January 9, 2001.*

## 2001 WI App 37

(Also reported in 624 N.W.2d 395.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donna L. Hintze*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Chris R. Larsen,* assistant attorney general.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

¶ 1. SCHUDSON, J. Joseph P. Bury appeals from the judgment of conviction for two counts of first-degree sexual assault of a child, following a jury trial. He argues that the trial court erred in allowing the State to file an amended information charging the second count, which alleged the first-degree sexual assault of a child about whom, he says, no evidence was introduced at the preliminary hearing. We conclude that because the second count was not "wholly unrelated" to the offense on which evidence was introduced at the preliminary hearing, the court did not err in allowing the amendment to the information. Accordingly, we affirm.

¶ 2. On February 19, 1999, Bury was charged with one count of first-degree sexual assault of a child, for touching the vagina of Alicia, his five-year-old step-granddaughter, while she and her seven-year-old brother, Aaron, were sleeping at his house.[2] Although the criminal complaint charged no other count, it also

---

[2] The complaint alleged that the crime occurred on or about February 6 or 7, 1999. Testimony at the preliminary hearing placed the date about one week earlier. Based on that testimony, Judicial Court Commissioner Anthony J. Machi, who presided over the preliminary hearing, granted the State's motion to amend the criminal complaint to charge one count of

alleged that, on the same occasion, Bury touched Aaron's penis.

¶ 3. On March 1, 1999, at the preliminary hearing, the State offered brief testimony from Alicia's mother and from Milwaukee Police Detective Michael Braunreiter, who had interviewed Bury. Neither witness mentioned Aaron by name. Alicia's mother, however, acknowledged that her *children* regularly visited Bury and his wife on weekends, including the weekend of the alleged offense, and Detective Braunreiter testified that Bury confessed to touching Alicia's vaginal area "while he, his wife, Alicia and *another child* were in his bedroom." (Emphasis added.)

¶ 4. Bury was bound over for trial. The information, charging only the sexual assault of Alicia, was filed and Bury pled not guilty. On April 29, 1999, however, the State filed an amended information charging a second count of first-degree sexual assault of a child, alleging that Bury also assaulted Aaron on the same occasion he assaulted Alicia.

¶ 5. The defense moved to dismiss the second count of the amended information "on the grounds that the testimony adduced at the preliminary hearing does not support the charge and the allegation contained therein pertains to an unrelated transaction to the victim which was the subject matter of the preliminary hearing."[3] The motion was denied, a jury trial followed,

---

first-degree sexual assault of a child on or about February 1, 1999.

[3] Because the amended information alleged that the crimes occurred on or about February 6 or 7, 1999, the motion also requested "an order clarifying the date of the alleged offense in count one of the amended information on the grounds that the date set forth is different than the date testified to during the preliminary hearing." At the May 13, 1999 motion hearing, the

and on June 28, 1999, Bury was found guilty of both counts of first-degree sexual assault. On appeal, Bury renews his argument that the second count was "wholly unrelated" to the first and, therefore, should not have been allowed. *See State v. Fish*, 20 Wis. 2d 431, 438, 122 N.W.2d 381 (1963) (An information may "allege acts in addition to those advanced on preliminary hearing so long as they are not wholly unrelated to the transactions or facts considered or testified to at the preliminary.").

¶ 6. As relevant to this case, WIS. STAT. § 971.01(1) (1997–98)[4] provides, "The district attorney shall examine all facts and circumstances connected with any preliminary examination touching the commission of any crime if the defendant has been bound over for trial and . . . shall file an information according to the evidence on such examination . . . ." WISCONSIN STAT. § 971.29(1) provides, "A complaint or information may be amended at any time prior to arraignment without leave of the court." The supreme court has explained that § 971.29(1) "should be read to permit amendment of the information before trial and within a reasonable time after arraignment, with leave of the court, provided the defendant's rights are not prejudiced, including the right to notice, speedy trial

prosecutor moved to amend the amended information to allege that the crimes occurred on or about February 1, 1999. While never formally ruling on that motion, the court, after hearing statements from the defense and the prosecutor regarding the amended information and the complaint, commented that it did not "have a problem with the date portion."

[4] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

and the opportunity to defend." *Whitaker v. State*, 83 Wis. 2d 368, 374, 265 N.W.2d 575 (1978).[5]

¶ 7. "[O]ur review of the charges in an information is limited to the narrow question of 'whether the district attorney abused his [or her] discretion in issuing a charge not within the confines of and "wholly unrelated" to the testimony received at the preliminary examination.'" *State v. Kittilstad*, 231 Wis. 2d 245, 255, 603 N.W.2d 732 (1999). Whether a challenged count is "wholly unrelated" is subject to our *de novo* review. *See State v. Richer*, 174 Wis. 2d 231, 238–39, 496 N.W.2d 66 (1993). We conclude that the count alleging the sexual assault of Aaron is not "wholly unrelated" to the testimony, received at the preliminary examination, which alleged the sexual assault of Alicia.

¶ 8. In *State v. Burke*, 153 Wis. 2d 445, 451 N.W.2d 739 (1990), the supreme court declared: "[A] prosecutor may bring additional charges in the information so long as the charges are not wholly unrelated to the transactions or facts considered or testified to at the preliminary examination, *irrespective of whether direct evidence concerning the charges had been produced at the preliminary examination.*" *Id.* at 457 (emphasis added). In *Richer*, the supreme court elaborated that, in order to clear the "wholly unrelated" hurdle, "counts contained in the information must *flow*

---

[5] In the trial court, Bury argued that the second count denied him due process because it did not allow him "the right to have a preliminary hearing [on that count] and challenge that transaction." He did not contend, however, that the addition of the second count denied him notice, speedy trial, or the opportunity to defend.

*from the same transaction for which evidence has been introduced at the preliminary hearing." Richer,* 174 Wis. 2d at 247 (emphasis added). Clearly, in this case, the count involving Aaron flowed from the same transaction for which evidence was introduced at the preliminary hearing regarding the assault of Alicia.

¶ 9. The parties acknowledge that no Wisconsin appellate decision has directly addressed whether, in a sexual assault case, counts are "wholly unrelated" simply because the victims are different. The State argues, however, that "there is no logical reason why a prosecutor should be precluded from adding to an information counts which affect two or more victims but which are otherwise part of the same criminal transaction or 'common nucleus of facts.' " Further, noting that in this case the criminal complaint, preliminary hearing testimony, and trial testimony all described facts and circumstances surrounding the assault of Aaron as well as that of Alicia, the State contends that the counts are related because they "occurred during the same general time frame, and at the same geographic location," and they "shared an identical motive and criminal intent." Finally, the State submits that "[a]lthough the victims of each crime were different, they were also tied together both as siblings and by being the object of their grandfather's attempt for sexual gratification."

¶ 10. The State is correct. The supreme court has clarified that for a charge to not be "wholly unrelated to the transactions or facts considered or testified to" at a preliminary hearing, it "must be 'related in terms of parties involved, witnesses involved, geographical proximity, time, physical evidence, motive and intent.' " *Burke,* 153 Wis. 2d at 457. All seven factors need not be satisfied; instead, they "form a general

framework for determining whether counts can be added to the information and yet meet the goals of the preliminary hearing." *Richer*, 174 Wis. 2d at 239–40. The second count in the instant case, however, satisfied all seven criteria.

¶.11. Except for the difference between the victims, the counts were closely related in every way. The parties involved were related, literally and legally. That is, Alicia and Aaron were related to each other and to their step-grandfather; and their assaults were related to each other, occurring at approximately the same time and location, and under the same circumstances. Further, the witnesses and physical evidence were the same, and Bury's motive and intent for both assaults were indistinguishable. Accordingly, we conclude that the trial court was correct in denying Bury's motion to dismiss the second count of the amended information.[6]

*By the Court.*—Judgment affirmed.

[6] Bury also argues for a new trial on count one. He contends that evidence of the assault of Aaron was the only corroboration of his confession to the assault of Alicia and, therefore, because no evidence regarding Aaron should have been admitted, he was entitled to a directed verdict on count one. His argument, however, is premised on his contention that the charge involving Aaron should not have been allowed; he does not challenge his conviction on count one on any other basis. Thus, having rejected his argument regarding count two, we need not further address his additional challenge to the conviction on count one.