STATE of Wisconsin, Plaintiff-Appellant,

v.

Anthony M. COTTON, Defendant-Respondent.

Court of Appeals

*No. 02–2923–CR. Submitted on briefs May 8, 2003.—
Decided June 25, 2003.*

2003 WI App 154

(Also reported in 668 N.W.2d 346.)

308

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Paul E. Bucher*, district attorney, and *Susan L. Opper*, assistant district attorney, of Waukesha.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Timothy T. Kay*, of *Kay & Kay Law Firm* of Brookfield.

Before Nettesheim, P.J., Brown and Snyder, JJ.

¶ 1. NETTESHEIM, P.J.   The State filed a complaint against Anthony M. Cotton alleging one count of

intimidation of a witness pursuant to Wis. Stat. § 940.43(3) (2001–02).[1] Following a preliminary hearing, Cotton was bound over for trial. However, the State did not repeat this charge in the information. Instead, the State submitted two new charges of felony battery and threat to a witness and a witness's family contrary to Wis. Stat. § 940.201(2)(a) and (b). Cotton challenged the information on grounds that the two new felony counts were not supported by evidence adduced at the preliminary hearing. The circuit court agreed and dismissed the charges.

¶ 2. The State appeals. Because the record reflects that there was insufficient evidence at the preliminary hearing to support the new charges, we affirm the trial court order dismissing the felony charges.

### *FACTS*

¶ 3. The criminal complaint alleged that Cotton was transported to the City of Waukesha Police Department following his arrest for underage drinking on June 14, 2002. While at the police department, Cotton was instructed to remove everything from his pockets, which included a baggie containing marijuana.

¶ 4. While Cotton was in the booking room, Detective Paul J. Paikowski recognized Cotton as a potential witness in a homicide investigation in which Cotton's cousin was the primary suspect. Cotton complained that the subpoenas that had been served on him and his family in Oklahoma were not valid. Cotton was visibly upset about the situation. Paikowski spoke to Cotton and informed him that he was one of the detectives who had traveled to Oklahoma to serve the

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version.

subpoenas. Cotton told Paikowski that he did not recognize him, that Paikowski had not been in Oklahoma and that Paikowski was lying. Paikowski again informed Cotton that he had been in Oklahoma and had been involved in serving subpoenas for a John Doe investigation. Cotton began yelling about the John Doe investigation and referred to it as a "bunch of 'bullshit.' "

¶ 5.  Cotton continued yelling, stating that he did not like Paikowski, that there was something about Paikowski that he did not like and that Paikowski had ruined his family and had slandered him in Oklahoma. According to Paikowski, Cotton yelled louder, rose up and stated that if he were not handcuffed to the wall he would kill Paikowski. Cotton became more agitated and stated repeatedly and with raised fists or a pointed finger that he would find out where Paikowski lived and that he would kill him and his children.

¶ 6.  Based on these facts, the State filed a criminal complaint against Cotton alleging intimidation of a witness pursuant to Wis. Stat. § 940.43(3).[2] A preliminary hearing was held before Court Commissioner Martin Binn on June 27, 2002. Paikowski testified as to the events that occurred on June 14, 2002. Following testimony and arguments, Commissioner Binn found probable cause to believe that Cotton had committed a felony, emphasizing that he was not making a finding of probable cause as to any *specific* felony. *See State v. Williams*, 198 Wis. 2d 479, 490, 544 N.W.2d 400 (1996).

¶ 7.  However, the ensuing information filed by the State did not repeat the offense of intimidation of a

---

[2] The information also alleged a misdemeanor charge of possession of marijuana. That charge is not before us on this appeal.

witness pursuant to Wis. Stat. § 940.43(3) as stated in the complaint. Instead, the information alleged two new charges: one count of battery or threat to a witness pursuant to Wis. Stat. § 940.201(2)(a) and one count of battery or threat to a person who is a family member of a witness pursuant to § 940.201(2)(b).[3]

¶ 8. On August 16, 2002, Cotton filed a motion to dismiss the felony charges alleged in the information. Cotton argued that the evidence adduced at the preliminary hearing did not support the charges. Specifically, Cotton contended that there was no evidence showing that Paikowski had attended, or was scheduled to attend, any proceeding in the homicide case as a witness. As such, Cotton argued that he did not know, nor had any reason to know, that Paikowski was a witness or potential witness.

¶ 9. Following a motion hearing on September 3, 2002, the trial court granted Cotton's motion and entered a written order dismissing the two felony counts. The State appeals.

### DISCUSSION

¶ 10. The State argues that the evidence at the preliminary hearing supported the charges in the information. Additionally, the State argues that it was a proper exercise of the district attorney's discretion to issue the new charges because they were not "wholly unrelated" to the evidence received at the preliminary examination. *See State v. Hooper*, 101 Wis. 2d 517, 536–37, 305 N.W.2d 110 (1981).

---

[3] As with the complaint, the information also alleged the misdemeanor charge of possession of marijuana. Cotton pled guilty to that charge. As noted, that conviction is not challenged on appeal.

¶ 11.  As a threshold issue, we address the proper test for a challenge to new charges filed in an information following a bindover when the original charge stated in the complaint is not repeated in the information. Our choices are:   (1) the conventional sufficiency of evidence test where the charges stated in the complaint are the same; or (2) the "wholly unrelated" test, generally applied to charges added in an information when the original charge in the complaint is restated.

¶ 12.  The conventional test for evaluating a challenge to a charge in an information following a preliminary hearing is the sufficiency of the evidence test. Pursuant to WIS. STAT. § 970.03(7), which governs preliminary examinations, the trial court shall bind the defendant over for trial if it finds probable cause to believe that a felony has been committed by the defendant. A defendant may be bound over for trial when the evidence presented at the preliminary hearing is sufficient to support a reasonable inference that the defendant probably committed a felony. *State v. Dunn*, 121 Wis. 2d 389, 393, 359 N.W.2d 151 (1984). All that is needed is a believable or plausible account of the defendant's commission of a felony. *Id*. at 398.

¶ 13.  In earlier times, Wisconsin courts applied the sufficiency of evidence test for added charges. This test inquired "whether any added charges find support within the confines of the evidence adduced at the preliminary hearing." *State v. Richer*, 174 Wis. 2d 231, 243, 496 N.W.2d 66 (1993). However, that test was later broadened to include those charges that were not "wholly unrelated" to charges having a factual basis in the record. *Id*. at 244.

¶ 14.  Under the "wholly unrelated" test, a prosecutor may bring additional charges in the information so long as the charges are not wholly unrelated to the transactions or facts considered or testified to at the preliminary examination, irrespective of whether direct evidence concerning the charges had been produced at the preliminary examination. *State v. Burke*, 153 Wis. 2d 445, 457, 451 N.W.2d 739 (1990). The charges must be "related in terms of parties involved, witnesses involved, geographical proximity, time, physical evidence, motive and intent." *Id.* (citation omitted). In order to clear the "wholly unrelated" hurdle, "counts contained in the information must flow from the same transaction for which evidence has been introduced at the preliminary hearing." *State v. Bury*, 2001 WI App 37, ¶ 8, 241 Wis. 2d 261, 266–67, 624 N.W.2d 395 (citation omitted; emphasis omitted).

¶ 15.  An analysis of the case law persuades us that the "wholly unrelated" test is intended to apply to charges in the information which have been *added* to the original charge following a bindover at the preliminary hearing.[4] In *Burke*, our supreme court held that "in a multiple-offense transaction case, once the defendant has been bound over for trial on at least one count relating to the transaction, the prosecutor may in the

---

[4] In *State v. Burke*, 153 Wis. 2d 445, 452, 451 N.W.2d 739 (1990), the supreme court recognized that early decisions which involved primarily single-offense transactions had held that a prosecutor was not bound in the information to charging the same offense charged in the complaint. *See, e.g., Mark v. State*, 228 Wis. 377, 384, 280 N.W. 299 (1938). However, the court went on to observe that later cases held that in a multiple-offense transaction case, charges may be added to an original charge if not wholly unrelated. *Burke*, 153 Wis. 2d at 453.

information charge *additional* counts not wholly unrelated." *Burke*, 153 Wis. 2d at 453 (citation omitted; emphasis added). We construe the supreme court's phrase "once the defendant has been bound over for trial" to assume a bindover that is supported by the evidence adduced at the preliminary hearing. This construction is confirmed by the supreme court's later decision in *Richer* where the court said:

> Today's holding that all charges included in the information must at a minimum be transactionally related *to charges which are themselves supported by evidence adduced at the preliminary hearing,* clarifies well-established and long-standing court procedure.

*Richer*, 174 Wis. 2d at 247 (emphasis added).

■

¶ 16. Because this case involves a challenge to counts charged in an information that does not contain charges added to the original charge, but rather two completely new felony charges—neither of which was tested at the preliminary hearing—we conclude that the appropriate test for review of the new charges is the sufficiency of evidence test. As our ensuing discussion will reveal, were we to apply the "wholly unrelated" test, we would allow for the absurd result that the State could file new charges even where the evidence at the preliminary hearing failed to demonstrate probable cause that the defendant had committed any felony.

■

¶ 17. Our holding is consistent with the purpose of a preliminary hearing. While the express statutory purpose of the preliminary hearing is to determine whether probable cause exists that the defendant has

committed a felony which warrants binding the defendant over for trial, our supreme court has repeatedly stated that

> the object or purpose of the preliminary investigation is to prevent hasty, malicious, improvident, and oppressive prosecutions, to protect the person charged from open and public accusations of crime, to avoid both for the defendant and the public the expense of a public trial, and to save the defendant from the humiliation and anxiety involved in public prosecution, and to discover whether or not there are substantial grounds upon which a prosecution may be based.

*Richer*, 174 Wis. 2d at 240–41, 241 n.4 (citing *Thies v. State*, 178 Wis. 98, 103, 189 N.W. 539 (1922)). Therefore, the preliminary hearing serves the interests of both the defendant and the state. *Richer*, 174 Wis. 2d at 241. The need to protect defendants from harassing and oppressive prosecution goes directly to the specific charges on which they are tried, not those charges for which they are originally bound over. *Id.* at 242. This goal cannot be served without some mechanism for assuring that the evidence at the preliminary hearing supports a probable cause finding as to some felony. The sufficiency of evidence test provides that mechanism. The "wholly unrelated" test does not.

¶ 18. Here, Cotton was initially charged with felony intimidation of a witness contrary to Wis. Stat. § 940.43(3), which requires the State to prove that: (1) the victim was a witness (any person who has been called to testify or who is expected to be called to testify), (2) the defendant prevented or dissuaded or attempted to prevent or dissuade the victim. from attending or giving testimony at a proceeding authorized by law, and (3) the defendant acted knowingly and maliciously which requires that the defendant knew the

317

victim was a witness and that the defendant acted with the purpose to prevent the victim from attending or testifying. Wis JI—Criminal 1292. In order to apply the felony penalty factor under § 940.43, the State must also prove that the defendant's act was accompanied by express or implied threat of harm. Wis JI—Criminal 1292. Following the preliminary hearing, Commissioner Binn determined that there was probable cause to believe that Cotton committed a felony and bound him over for trial.

¶ 19. Following the preliminary hearing and bindover, the State filed an information containing new charges pertaining to Cotton's encounter with Paikowski—one count of battery or threat of battery to Paikowski and a further similar count regarding Paikowski's family pursuant to Wis. Stat. § 940.201(2)(a) and (b). These charges require the State to prove beyond a reasonable doubt that (1) the defendant caused or threatened to cause bodily harm to the victim or victim's family, (2) the victim was likely to testify as a witness (whether or not any proceedings had been commenced at the time of the alleged offense), (3) the defendant knew or had reason to know that the victim was a witness, (4) the defendant caused or threatened to cause bodily harm to the victim or victim's family because the person was likely to testify as a witness, (5) the defendant caused or threatened bodily harm without the consent of the victim, and (6) the defendant acted intentionally. Wis JI—Criminal 1239 & cmt. Cotton challenged the charges as not supported by evidence at the preliminary hearing.

¶ 20. The trial court dismissed the charges in the information based on its determination that there was no evidence at the preliminary hearing that Paikowski was likely to be a witness or that Cotton knew

Paikowski was likely to be a witness. The State first contends that there was evidence at the preliminary hearing that Paikowski was a witness—someone who has been called to testify or is expected to be called to testify at a proceeding. *See* WIS JI—CRIMINAL 1238. The State points to Paikowski's testimony that he believed, based on his experience, that he would be called to testify in the John Doe hearing for which he was attempting to serve Cotton a subpoena. We will assume arguendo that Paikowski was likely to be called as a witness. We therefore turn to whether there was evidence that Cotton knew that Paikowski was likely to be called as a witness at proceedings in the homicide investigation involving his cousin.

¶ 21.   The State concedes that there is no direct evidence that Cotton knew that Paikowski was likely to be called as a witness at his cousin's proceedings. However, the State argues that Cotton's knowledge can be inferred from Cotton's anger, his questioning of Paikowski regarding the service of the subpoenas and "[his] verbal tirade of threats directed at Detective Paikowski and his family." The State points to Paikowski's descriptions regarding Cotton's words and actions that "escalated rapidly to the point that Cotton's conduct was such that it was like nothing Paikowski had seen in almost twenty years." The State argues that under those circumstances, Cotton's words and actions establish his knowledge.

¶ 22.   The facts adduced at the preliminary hearing in this case are undisputed. In that situation, the question of probable cause sufficient for a bindover presents a question of law. *Dunn*, 121 Wis. 2d at 398–99. There is nothing in the evidence identified by the State or in the record of the preliminary hearing that establishes Cotton's knowledge that Paikowski was likely to

be a witness in an action or proceeding. Paikowski testified that Cotton expressed his anger with the service of the subpoenas on his family, claiming that the service had been invalid and that it had ruined his family. However, there is no indication that Cotton believed Paikowski might be a potential witness either in any case against him or in the homicide case pending against his cousin. Nowhere in the exchange between Paikowski and Cotton did Cotton make any reference that could be construed as evidence that he knew Paikowski was likely to be a witness. Evidence limited to the mere fact that Cotton was angry with Paikowski, without more, does not establish that he threatened Paikowski and Paikowski's family because he knew that Paikowski was likely to be a witness for the State.

¶ 23. Because there was no evidence at the preliminary hearing that Cotton knew or had reason to know that Paikowski was likely to be a witness in any proceeding, we conclude that the evidence did not demonstrate a believable or plausible account of Cotton's commission of a felony. *See id.* at 393. As such, the evidence was insufficient to support a reasonable inference that Cotton committed a felony. *See id.* (a defendant may be bound over for trial when the evidence presented at the preliminary hearing is sufficient to support a reasonable inference that the defendant probably committed a felony).

## CONCLUSION

¶ 24. Following a bindover at a preliminary hearing, we hold that the proper test for reviewing a challenge to an information that alleges wholly new charges not accompanied by the original charge is the

sufficiency of evidence test. Under that test, we conclude that the evidence failed to demonstrate probable cause that Cotton committed the felony offense alleged in the complaint, the felony offenses alleged in the information or any other felony. We affirm the trial court order dismissing the felony charges.

*By the Court.*—Order affirmed.