STATE, Respondent, v. FISH, Appellant.*

*June 5—June 28, 1963.*

* Motion for rehearing denied, without costs, on October 1, 1963.

For the appellant there was a brief by *Douglas, Omernik & Bitney* of Spooner, and *E. Nelton* of Balsam Lake, and oral argument by *W. W. Bitney.*

For the respondent the cause was argued by *William A. Platz,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

Hallows, J. There is no double jeopardy involved in this case. The defendant's brief states, on page 35: "It is true the defendant in this case was not placed in jeopardy and there is no problem of double jeopardy involved." The defendant does contend, however, his discharge under sec. 955.01, Stats. 1959, barred the subsequent prosecution for the thefts of $8,810.32 during the period he acted as justice

of the peace, as charged in the first information. The trial court held the discharge went no further than to bar subsequent prosecution for the acts proven on the first preliminary and therefore only counts 1 and 3 were barred. The state now contends the discharge does not bar subsequent prosecution for the same offense and at the most is only a bar affecting the acts of theft concerning which testimony has been received on the first preliminary examination.

We do not agree with the defendant that his discharge is referable to the first information which was filed late. The basis for his discharge under sec. 955.01, Stats., as it existed in 1959[1] was the failure to inform against the defendant before the end of six months after he was bound over for trial. The defendant cannot have a discharge because of the failure to file the information and then claim the discharge was from the crime charged in the untimely filed information. At the end of the six months after being bound over the defendant was entitled to a discharge. The happenstance of moving for a discharge under sec. 955.01 after the late filing of the information does not enlarge the scope or change the nature of the discharge. The discharge was not from the crime charged in the information.

Nor can we agree with the trial court that the discharge was from the crime as to which evidence was offered in the first preliminary. A preliminary hearing is not a trial so as

[1] "955.01 DISCHARGE OF DEFENDANT. A prisoner charged with having committed a crime shall be discharged if not indicted or informed against before the end of 6 months after he is held to answer, unless it appears to the court that witnesses on the part of the state have been enticed or kept away, or are prevented from attending the court by sickness or accident."

Sec. 955.01, as amended by the Laws of 1961, ch. 561, sec. 9, effective January 1, 1962, and not applicable to this appeal, provides, "An imprisoned defendant charged with having committed a felony shall be bailed without sureties if no indictment or information is filed against him before the end of 6 months after he is committed to await trial."

to act as a bar to subsequent prosecution for the same offense either on the theory of *res adjudicata* or double jeopardy. Sec. 955.31 (4), Stats., does not apply to preliminary hearings. If the defendant had waived the preliminary hearing and had not been informed against within six months, it would be difficult on the trial court's theory to determine from what the defendant had been discharged so as to amount to a bar to subsequent prosecution. True, in either case there remains the complaint, but that document serves only as a basis for the warrant of arrest, the preliminary hearing, and the information. A discharge from the complaint means only it cannot be used for subsequent proceedings based upon it.

The difficulty is the meaning of the word "discharge" in sec. 955.01, Stats. 1959. Discharged from what? Does "discharge" mean merely the release from confinement or the obligation of one's bond, or does it have the additional effect of an adjudication of acquittal from the crime complained of and for which the accused was held to answer?

The trial court construed "discharge" as having the additional effect of an acquittal so as to bar subsequent prosecution. This interpretation is based on language in *State v. Brill* (1957), 1 Wis. (2d) 288, 83 N. W. (2d) 721, wherein this court stated sec. 955.01, Stats., was not merely to implement the provisions of the constitution guaranteeing a speedy trial. This language was in answer to the attorney general's argument the effect of the section, in light of its being an implementation of the right to a speedy trial, was to discharge an accused only from actual imprisonment and the discharge had no effect of acquittal. However, the court construed "prisoner" to include a person free on bail on the ground such person was not only in the custody of his bail but also in the custody of the law and constructively under a continuance of the original imprisonment, and ordered the defendant discharged upon appeal from the order

denying his motion for discharge and a judgment of conviction. The discharge to which Brill was entitled was from his bond and from the then pending proceedings. Whether Brill could be reprosecuted for the same crime was not decided. What we did hold was, of course, overruled by the amendment of the statute in 1961.

But the issue on this appeal turns on the interpretation of the word "discharge" in the 1959 version of the statute. There is a split of authority among other jurisdictions in the construction of similar statutes. See Anno. Delay in Trial—Discharge—Effect, 50 A. L. R. (2d) 943. In that annotation it is stated some statutes specifically provide for the effect of a discharge pursuant to them.[2] Other statutes use phrases such as "absolutely discharged and acquitted,"[3] "discharged so far as relates to the offense charged,"[4] or "forever discharged from prosecution for the offense,"[5] all of which phrases convey a note of finality not necessarily included in plain "discharge." Statutes using such phrases

---

[2] California, Montana, Oklahoma, and Washington provide for reprosecution in felony cases. All of the statutes except Oklahoma's exclude reprosecution for misdemeanors. Arizona's statute provides for reprosecution upon order of the court in which action was pending. See *Urrea v. Superior Court* (1958), 83 Ariz. 297, 320 Pac. (2d) 696.

[3] Georgia: *Bryning v. State* (1952), 86 Ga. App. 35, 70 S. E. (2d) 779. New Jersey has enacted a recent statute providing for a dismissal which "shall be the equivalent of a judgment of acquittal." See *State v. Smith* (1952), 10 N. J. 84, 92, 89 Atl. (2d) 404.

[4] Kansas: See *State v. Patterson* (1928), 126 Kan. 770, 771, 271 Pac. 390 ("discharged, so far as relates to such offense"); Missouri: *State v. Wear* (1898), 145 Mo. 162, 184, 46 S. W. 1099 ("discharged, so far as relates to such offense"); Nebraska: *Critser v. State* (1910), 87 Neb. 727, 732, 127 N. W. 1073 ("discharged, so far as relates to the offense for which he was committed"); and Ohio: See *Ex parte McGehan* (1872), 22 Ohio St. 442, 444 ("discharged, so far as relates to the offense for which he was committed").

[5] West Virginia: *State v. Crawford* (1919), 83 W. Va. 556, 557, 98 S. E. 615 ("forever discharged from prosecution for the offense").

have all been held to bar subsequent prosecution. Where the statute uses the phrase "be set at liberty," the Colorado court held subsequent prosecution was not barred,[6] but the Illinois court held that it was.[7] In *United States v. Cadarr* (1905), 197 U. S. 475, 25 Sup. Ct. 487, 49 L. Ed. 842, it was held a subsequent prosecution was not barred where the defendant had been released under the District of Columbia statute providing the prosecution "shall be deemed to have been abandoned and the accused shall be set free or his bail discharged." Where the statute uses the phrase, "discharged from imprisonment," reprosecution seems generally to be allowed.[8] However, in *State v. Soucie* (1955), 234 Ind. 98, 123 N. E. (2d) 888, 50 A. L. R. (2d) 939, the court held subsequent prosecution was barred by a statute providing that no person shall be held by recognizance to answer an indictment or affidavit without trial for a period embracing more than three terms of court, "but shall be discharged."[9] The position of the Indiana court is opposed by New Jersey cases construing an old statute (now amended) providing "the defendant shall be discharged."[10]

When a defendant is imprisoned or out on bail after a preliminary hearing and prior to the filing of any informa-

---

[6] *People v. Henwood* (1919), 65 Colo. 566, 179 Pac. 874.

[7] *Brooks v. People* (1878), 88 Ill. 327.

[8] Mississippi: *Bryd v. State* (1834), 2 Miss. (1 How.) 163; North Carolina: *State v. Webb* (1911), 155 N. C. 426, 70 S. E. 1064; Pennsylvania: *Commonwealth v. Mitchell* (1944), 349 Pa. 559.

[9] *State v. Soucie, supra,* was followed in *State ex rel. Hasch v. Johnson Circuit Court* (1955), 234 Ind. 429, 127 N. E. (2d) 600.

[10] *State v. Garthwaite* (1851), 23 N. J. L. 143. See also, *Ex parte Whitney* (Tex. Crim. 1901) 60 S. W. 962, holding subsequent prosecution is not barred where statute provided first prosecution "shall be dismissed" if defendant has been held in custody or for bail and no indictment or information has been presented at the next term of court held after his commitment or admission to bail.

tion, a discharge does not act as a bar to prosecution. The preliminary hearing is to satisfy due process for the purpose of holding the defendant in custody or on bail in order to bring a prosecution. *Johns v. State* (1961), 14 Wis. (2d) 119, 109 N. W. (2d) 490. The state in its information may allege acts in addition to those advanced on preliminary hearing so long as they are not wholly unrelated to the transactions or facts considered or testified to at the preliminary. *Mark v. State* (1938), 228 Wis. 377, 280 N. W. 299. A discharge after a preliminary hearing and before an information is properly filed is referable to imprisonment or to bail and to the proceeding preliminary to the criminal prosecution. A discharge upon a preliminary examination under sec. 954.12, Stats., or a discharge under sec. 955.17 (2), where the district attorney determines no information should be filed after a preliminary hearing, does not bar further prosecution. See *United States ex rel. Rutz v. Levy* (1925), 268 U. S. 390, 45 Sup. Ct. 516, 69 L. Ed. 1010; 15 Am. Jur., Criminal Law, p. 47, sec. 370. Cf. *State v. Carli* (1957), 2 Wis. (2d) 429, 86 N. W. (2d) 434, 87 N. W. (2d) 830. If the defendant had sought relief by writ of *habeas corpus,* he would have been granted a discharge under sec. 292.20, but the effect of such a discharge as provided in sec. 292.32 would have been that he could be again prosecuted.

To give sec. 955.01, Stats., the effect of barring subsequent prosecution would be by way of construction to create a statute of limitation in derogation of the other sections of the statute rather than reading them together as we are required to do. Sec. 939.74 provides a limitation of three years for misdemeanors and six years for felonies and expressly provides no limitation for the crime of murder. If sec. 955.01 were to bar subsequent prosecution it would drastically shorten this statute of limitations for felonies and

create one for murder against the express language of the statute. We do not believe the legislature intended any such result by the use of the word "discharge" in cases where a district attorney fails to file an information within six months after the defendant is held to answer. We construe the statute to mean that such lack of prosecution entitles the "prisoner" to his liberty if imprisoned or to a discharge from his bond if on bail and in both cases to have the proceeding dismissed, but such discharge and dismissal do not have the effect of a statute of limitations or an acquittal of the felony charged in the complaint upon which he was arrested and upon which the preliminary hearing was had or waived.

The defendant is in error in arguing this issue cannot be raised except by serving a notice of review. A respondent may without such notice advance any ground which will support the judgment appealed from by the other party. Sec. 274.12 (2), Stats.

*By the Court.*—Judgment affirmed.