## STATE of Wisconsin, Plaintiff-Appellant,

### v.

## John J. BURKE, IV, Defendant-Respondent.†

Court of Appeals

*No. 88–0631–CR. Submitted on briefs October 10, 1988.—
Decided November 10, 1988.*

(Also reported in 434 N.W.2d 788.)

† Petition to review granted.

For the plaintiff-appellant the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

For the defendant-respondent the cause was submitted on the brief of *Krista M. Ralston,* of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J.   The state appeals from an order entered pursuant to sec. 970.03(10), Stats., dismissing several counts of an information. The issue is whether the state needed to present evidence at the preliminary hearing to support all counts in the information. Because we conclude that the state needed to present such evidence in the preliminary hearing, and did not, the trial court correctly dismissed the counts in the information not supported by evidence presented at the preliminary hearing. We therefore affirm.

The state brought a sexual assault complaint against John Burke, charging him with four counts of sexual intercourse with a minor, in violation of sec. 940.225(2)(e), Stats. At the preliminary hearing, the court granted the state's motion to dismiss three of the counts. A police officer then testified to a conversation he had with Burke after the alleged assault, during which Burke admitted one act of sexual intercourse. The victim did not testify at the preliminary hearing. The court concluded there was probable cause to bind Burke over for trial on the remaining count.

Later, the state filed a five-count information, which included the count from the preliminary hearing, two of the three counts which the state had asked to be dismissed at the preliminary hearing, and two additional counts of sexual intercourse with a minor. Burke moved to dismiss all but the first count of the information, alleging a violation of sec. 971.01(1), Stats., multiplicity and an abuse of prosecutorial discretion. The trial court granted Burke's motion pursuant to sec. 970.03(10), Stats.,[1] because the state produced evidence at the preliminary hearing to support only one count of the information. We granted the state's petition for leave to appeal.

[1]

A question of statutory interpretation presents a question of law which we review de novo. *Dieckhoff v. Severson,* 145 Wis. 2d 180, 189, 426 N.W.2d 71, 73 (Ct. App. 1988). The state contends that sec. 970.03(10), Stats., permits a prosecutor to bring any additional charges in the information which are not wholly unrelated to the charge for which the defendant was bound over in the preliminary hearing. The state's primary basis for this contention is the supreme court's con-

---

[1]Section 970.03(10), Stats., provides:

> In multiple count complaints, the court shall order dismissed any count for which it finds there is no probable cause. The facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971. Section 970.04 shall apply to any dismissed count.

The state argues that there actually was evidence adduced at the preliminary examination which would support some of the dismissed charges. However, the state did not make this argument below, and has therefore waived it. *Zeller v. Northrup King Co.,* 125 Wis. 2d 31, 35, 370 N.W.2d 809, 812 (Ct. App. 1985).

struction of sec. 970.03(10) in *Bailey v. State,* 65 Wis. 2d 331, 341, 222 N.W.2d 871, 876 (1974):

> In our view, sec. 970.03(10), Stats., does not prohibit a prosecutor from including in the information, once a defendant has been bound over, charges in addition to those advanced at the preliminary hearing, "so long as they are not wholly unrelated to the transactions or facts considered or testified to at the preliminary." ... Once it is determined that the defendant should be bound over for trial on at least one count, the purpose of the preliminary has been satisfied and the prosecutor may, in his discretion, allege such other offenses as permitted by the limitation stated above. [Citation omitted.]

*Bailey* has not been overruled. However, later supreme court decisions clarify the effect of sec. 970.03(10), Stats., on an information filed pursuant to sec. 971.01(1), Stats.[2]

In *Whitaker v. State,* 83 Wis. 2d 368, 373, 265 N.W.2d 575, 578 (1978), the court said: "The charge is within the discretion of the prosecuting attorney, and the statute provides that the prosecuting attorney shall file an information based on the evidence elicited at the preliminary examination. Sec. 971.01, Stats." (Citation omitted.) In *Lofton v. State,* 83 Wis. 2d 472, 482, 266 N.W.2d 576, 580 (1978), the court said: "A district attorney is permitted to file an information containing such charges as the facts adduced at the preliminary examination warrant. The information must be based

---

[2]Section 971.01(1), Stats., provides:

> The district attorney shall examine all facts and circumstances connected with any preliminary examination touching the commission of any crime if the defendant has been bound over for trial and, subject to s. 970.03(10), shall file an information according to the evidence on such examination subscribing his name thereto.

upon the facts brought out on the preliminary examination." (Footnote omitted.)

The supreme court continued this line of reasoning in *State v. Hooper,* 101 Wis. 2d 517, 534, 305 N.W.2d 110, 119 (1981): "[T]he determination of the appropriate charge to be filed is entrusted solely to the district attorney within the confines of the evidence introduced at the preliminary examination ...."

■■■■

The decisions following *Bailey* explain that sec. 971.01(1), Stats., requires the prosecutor to file an information containing only charges based on evidence presented at the preliminary hearing. Even if we were to conclude that *Whitaker, Lofton* and *Hooper* conflict with *Bailey,* we could not accept the state's argument. Where the decisions of our supreme court appear to be inconsistent, we rely on its most recent pronouncement. *Spacesaver Corp. v. Revenue Dept.,* 140 Wis. 2d 498, 502, 410 N.W.2d 646, 648 (Ct. App. 1987). Therefore we conclude the trial court correctly dismissed four counts of the information because there was no evidence presented at the preliminary hearing to support those charges.

*By the Court.*—Order affirmed.