STATE of Wisconsin, Plaintiff-Appellant-Petitioner,

v.

John J. BURKE, IV, Defendant-Respondent.

Supreme Court

*No. 88-0631-CR. Submitted on briefs October 5, 1989.—Decided February 26, 1990.*

(Also reported in 451 N.W.2d 739.)

BABLITCH, J., and HEFFERNAN, C.J., dissent in part, concur in part.

For the plaintiff-appellant-petitioner, there was a brief by *Daniel J. O'Brien,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

For the defendant-respondent, there was a brief (in court of appeals) by *Krista M. Ralston,* Madison.

DAY, J.   This is a review of the decision of the court of appeals in *State v. Burke,* 148 Wis. 2d 125, 434 N.W.2d 788 (Ct. App. 1988), which affirmed the order of the Honorable Mark A. Frankel, Judge for the Circuit Court for Dane County, which had dismissed four counts of a five count information charging defendant John J. Burke, IV, with second-degree sexual assault of a person

over the age of twelve and under the age of sixteen, contrary to sec. 940.225(2)(e), Stats. 1987–88.[1] The issue is whether a prosecutor may, pursuant to sec. 971.01(1), Stats. 1987–88, include in an information charges for which there was no direct evidence presented at the preliminary examination.

Mr. Burke was arrested on August 18, 1987. At 4:51 a.m. on that day, the city of Madison police responded to a sexual assault complaint by B.L.K., a female minor age thirteen. B.L.K. reported that the previous evening, she and a friend had arrived in Madison on a bus from Milwaukee. B.L.K. and her friend spent most of the evening together in downtown Madison, but were separated. B.L.K. then met a man, whom she later identified as Burke, who offered to take her back to the bus station. Burke stated he first needed to stop at his residence. While there, Burke took B.L.K. to his bedroom to listen to music. Over B.L.K.'s protests, Burke began to touch her. Burke then closed the bedroom door, unscrewed the bedroom light bulb, and demanded that B.L.K. lay on the bed. When B.L.K. refused, Burke threatened to hurt her. B.L.K. alleged that Burke then pushed her onto the bed, partially disrobed her and himself, and attempted to force B.L.K. to perform fellatio. B.L.K. refused. Burke forced B.L.K. to submit to anal intercourse and then

---

[1]Section 940.225(2)(e), Stats., provides in part:

**Sexual assault . . .. (2)** SECOND DEGREE SEXUAL ASSAULT. Whoever does any of the following is guilty of a Class C felony: . . .

(e)  Has sexual contact or sexual intercourse with a person who is over the age of 12 years and under the age of 16 years.

Note: Section 940.225(2)(e), Stats., has been repealed by the legislature, effective July 1, 1989. 1987 Wis. Act. 332. Effective July 1, 1989, the offense is included in Ch. 948, **Crimes Against Children.** *See* sec. 948.02, Stats., 1987–88.

vaginal intercourse. Approximately fifteen minutes after those assaults, B.L.K. alleged, Burke again forcibly had anal intercourse and then vaginal intercourse with her. After relating her account of what transpired, B.L.K. took the police to Burke's residence where she identified Burke as the assailant and he was arrested.

The complaint against Burke charged four counts of second-degree sexual assault, contrary to sec. 940.225(2)(e), Stats. Counts one and three each alleged an act of anal intercourse. Counts two and four each alleged an act of vaginal intercourse.

A preliminary examination was held on September 15, 1987. After the case had been called but before the taking of any testimony, the State moved to dismiss all but one count of the complaint. Burke did not object. The circuit court granted the motion.

The remaining count in the complaint alleged an act of anal intercourse. The preliminary examination proceeded. The State sought to establish probable cause solely on the basis of statements made by Burke to the police following his arrest. An investigating officer testified that Burke admitted touching B.L.K.'s breasts and attempting to have vaginal intercourse with her. Burke further admitted having anal intercourse with B.L.K. On the basis of the officer's testimony, the circuit court bound Burke over for trial pursuant to sec. 970.03(7), Stats. 1987–88.[2]

In the information which was subsequently filed, the State alleged that Burke had committed five counts of second-degree sexual assault, contrary to sec.

[2]Section 970.03(7), Stats., 1987–88 provides:

**Preliminary examination** . . .. **(7)** If the court finds probable cause to believe that a felony has been committed by the defendant, it shall bind the defendant over for trial.

940.225(2)(e), Stats. The additional counts were not identical to those originally alleged in the complaint. Count one alleged an act of anal intercourse. Count two alleged an act of vaginal intercourse. Count three alleged an additional act of anal intercourse. Count four alleged an act of touching B.L.K.'s breasts. Count five alleged an act of Burke touching his penis to B.L.K.'s mouth. Burke moved to dismiss counts two, three, four and five. The circuit court granted the motion on the basis those counts were not directly supported by the evidence presented at the preliminary examination, which the circuit court concluded was required by sec. 971.01(1), Stats.

The State moved the court of appeals for leave to appeal the circuit court's non-final order, pursuant to sec. (Rule) 809.50, Stats. 1987–88. The court of appeals granted the State's petition, *see* sec. (Rule) 808.03(2), Stats. 1987–88, and affirmed the circuit court's order. The State argued in the court of appeals that the charging of counts two through five was proper under this court's decision in *Bailey v. State,* 65 Wis. 2d 331, 222 N.W.2d 871 (1974). The court of appeals concluded, however, that "decisions following *Bailey* explain that sec. 971.01(1), Stats., requires the prosecutor to file an information containing only charges based on evidence presented at the preliminary hearing." *Burke,* 148 Wis. 2d at 129.

The State petitioned this court for review which was granted.[3] The State asserts it had voluntarily dismissed the additional counts in the complaint only to spare B.L.K. the unnecessary trauma of recounting the sexual assaults at the preliminary examination. The

___

[3]Burke has filed no brief with this court. His counsel informed this court by letter that for purposes of this appeal, Burke was relying upon his brief in the court of appeals.

State contends counts two through five were properly included in the information pursuant to sec. 971.01(1), Stats., and *Bailey* because those counts were "not wholly unrelated" to the transactions or facts considered or testified to at Burke's preliminary examination.[4] We agree with the State and reverse.

Prosecutors in Wisconsin are afforded broad discretion for purposes of determining whether to bring charges against a defendant and initiate criminal proceedings. *State v. Hooper,* 101 Wis. 2d 517, 532, 305 N.W.2d 110 (1981). A prosecutor's discretion is not without bounds, however, and may be limited by the legislature. *State ex rel. Kurkierewicz v. Cannon,* 42 Wis. 2d 368, 378–79, 166 N.W.2d 255 (1969).

Burke contends sec. 971.01(1), Stats., prohibits the State from charging counts two through five in the information. Burke argues the statute requires that sufficient evidence must be presented at the preliminary examination to support a probable cause finding for each separate count in the information. The charging of the additional counts in the information was an abuse of prosecutorial discretion, Burke asserts, because there

---

[4]The State alternatively contends that even if this court concluded sec. 971.01(1), Stats., required direct evidentiary support for each charge in the information, the court of appeals erred in affirming dismissal of counts two and four because direct testimony relating to those counts was presented at the preliminary examination. The issue was unaddressed by the court of appeals because it concluded the State had waived the contention by not making the argument to the circuit court. *Burke,* 148 Wis. 2d at 127 n. 1. Because we conclude sec. 971.01(1), Stats., permitted the State to charge the additional counts irrespective of whether direct evidence concerning the counts had been presented, we do not reach this question.

was no direct evidence concerning those counts presented at the preliminary examination.

Section 971.01(1), Stats., provides:

**Filing of the information. (1)** The district attorney shall examine all facts and circumstances connected with any preliminary examination touching the commission of any crime if the defendant has been bound over for trial and, subject to s. 970.03(10), shall file an information according to the evidence on such examination subscribing his name thereto.

At issue is the meaning of the language "according to the evidence on such examination" in sec. 971.01(1), Stats. The interpretation of a statute is a question of law which this court may review without deference to the lower courts. *State v. Sher,* 149 Wis. 2d 1, 8, 437 N.W.2d 878 (1989).

Section 971.01(1), Stats., and its predecessors have often been considered by this court. Early decisions involved primarily single-offense transactions and held a prosecutor was not bound in the information to charging the same offense charged in the complaint. *See, e.g., Porath v. State,* 90 Wis. 527, 534, 63 N.W. 1061 (1895); *Thies v. State,* 178 Wis. 98, 105, 189 N.W. 539 (1922); *Faull v. State,* 178 Wis. 66, 69–70, 189 N.W. 274 (1922); *Mark v. State,* 228 Wis. 377, 384, 280 N.W. 299 (1938).

In two subsequent decisions involving multiple-offense transactions, *State v. Fish,* 20 Wis. 2d 431, 122 N.W.2d 381 (1963), and *Bailey,* this court extended the early rule in a manner which proves controlling here. In *Fish,* this court stated a prosecutor may in the information "allege *acts* in addition to those advanced on preliminary hearing so long as they are not wholly unrelated to the transactions or facts considered or testified to at

the preliminary." *Fish,* 20 Wis. 2d at 438 (emphasis added). In *Bailey,* this court stated:

> In our view, sec. 970.03(10), Stats., does not prohibit a prosecutor from including in the information, once a defendant has been bound over, charges in addition to those advanced at the preliminary hearing, 'so long as they are not wholly unrelated to the transactions or facts considered or testified to at the preliminary.' This view is consistent with the legislative statement in sec. 970.03(1), that a preliminary hearing is held' . . . for the purpose of determining if there is probable cause to believe a felony has been committed by the defendant.' Once it is determined that the defendant should be bound over for trial on at least one count, the purpose of the preliminary has been satisfied and the prosecutor may, in his discretion, allege such other offenses as permitted by the limitation stated above.
>
> In this case, *even assuming there was no evidence presented as to them at the preliminary,* it is clear that the sex-related offenses, counts 2, 3 and 4, were not 'wholly unrelated' to the murder count. They are related in terms of parties involved, witnesses involved, geographical proximity, time, physical evidence, motive and intent.

*Bailey,* 65 Wis. 2d at 341 (citations omitted; emphasis added).

*Fish* and *Bailey* hold that in a multiple-offense transaction case, once the defendant has been bound over for trial on at least one count relating to the transaction, the prosecutor may in the information charge additional counts not wholly unrelated. *Bailey* further establishes that direct evidence relating to the additional counts need not have been presented at the preliminary

453

examination. *Bailey* over-ruled the dicta to the contrary in *State v. Leicham,* 41 Wis. 565, 574–75 (1877).

The court of appeals concluded the post-*Bailey* decisions of this court in *Whitaker v. State,* 83 Wis. 2d 368, 265 N.W.2d 575 (1978), *Lofton v. State,* 83 Wis. 2d 472, 266 N.W.2d 576 (1978), and *State v. Hooper,* have explained that sec. 971.01(1), Stats., requires each charge in the information must be directly supported by the evidence presented at the preliminary examination. *Burke,* 148 Wis. 2d at 129.

We disagree. In *Whitaker,* this court stated sec. 971.01(1), Stats., "provides that the prosecuting attorney shall file an information based on the evidence elicited at the preliminary examination." *Whitaker,* 83 Wis. 2d at 373. The focus of this court's attention in *Whitaker,* however, was upon whether sec. 971.29, Stats., permitted amendment of an information after arraignment but prior to trial. For purposes of determining the breadth of a prosecutor's discretion pursuant to sec. 971.01(1) this court's cursory reference to that statute must be considered in the broader context of cases such as *Bailey* and its predecessors which directly addressed the issue.

In *Lofton,* as well as *Hooper,* the charge in the information was the same as that alleged in the complaint. The defendant challenged the information on the basis the charge was not supported by the evidence presented at the preliminary examination. This court stated sec. 971.01(1), Stats., permits a prosecutor "to file an information containing such charges as the facts adduced at the preliminary examination warrant. The information must be based upon the facts brought out on the preliminary examination." *Lofton,* 83 Wis. 2d at 482. This court's statement must again, however, be considered in the broader context of cases such as *Bailey* and its

454

predecessors. It was for that purpose reference was made to *Mark. See Lofton,* 83 Wis. 2d at 482 n. 2. In *Mark,* this court stated "[i]t would be improper for a district attorney, against the objection of a defendant, to file an information charging a crime wholly unrelated to the transactions or facts considered or testified to at the preliminary examination." *Mark,* 228 Wis. at 384.

In *Hooper,* this court stated:

> [I]n ascertaining whether the prosecutor abused his discretion, this court must look to the record of the preliminary examination to determine if the charge recited in the information was within the confines of and not wholly unrelated to the facts and circumstances testified to at that hearing. If the evidence adduced at the preliminary hearing supports the district attorney's charging decision, then it follows that the charges recited in the information are within the confines of and not wholly unrelated to the testimony elicited at that examination.

*Hooper,* 101 Wis. 2d at 539.

The "within the confines" language in *Hooper* is not to be construed as requiring that each charge in the information must have direct support in the evidence presented at the preliminary examination. Rather, consideration of the confines of the evidence produced at the preliminary examination is merely a necessary ingredient of the not wholly unrelated test. To determine whether a charge is not wholly unrelated to the transactions or facts considered or testified to at the preliminary examination requires the prosecutor to first examine the actual evidence presented there. Within the confines of that evidence the prosecutor must determine whether the charge is wholly unrelated in terms of the parties involved, witnesses involved, geographical proximity, time, physical evidence, motive and intent.

455

Contrary to the court of appeals' conclusion, *Bailey* continues to be valid law. *Bailey* has been cited and approved of by this court as well as the court of appeals on numerous occasions. *See, e.g., Hooper,* 101 Wis. 2d at 535–36; *Wittke v. State ex rel. Smith,* 80 Wis. 2d 332, 352, 259 N.W.2d 515 (1977); *State v. Copening,* 103 Wis. 2d 564, 580, 309 N.W.2d 850 (Ct. App. 1981); *State v. Johnson,* 121 Wis. 2d 237, 251–52, 358 N.W.2d 824 (Ct. App. 1984).

*Bailey* holds there is no requirement in sec. 971.01(1), Stats., that there must be direct evidence, much less sufficient evidence to support a probable cause finding, presented at the preliminary examination for each charge in the information. If the legislature had intended a probable cause finding for each count in an information, sec. 971.01(1) would expressly make that requirement, or sec. 970.03(7), Stats., would require the circuit court to state the specific felony it believed the defendant probably committed and provide only that felony could be charged in the information.

The challenge to a prosecutor's charging discretion in the information is not a second opportunity to dispute whether probable cause exists to believe the defendant committed a felony. *Hooper,* 101 Wis. 2d at 537. Section 970.03(1), Stats., requires the circuit court to determine whether on the basis of the transactions or facts considered or testified to at the preliminary examination "there is probable cause to believe *a* felony has been committed by the defendant." (Emphasis added.) The statute does not require the circuit court to state the specific felony it believes the defendant committed, nor does it limit the circuit court to considering only whether the defendant probably committed the specific felony charged in the complaint. *See Wittke,* 80 Wis. 2d

at 352. Once probable cause has been found, the purpose of the preliminary examination has been satisfied and further criminal proceedings are justified. *Id.* Pursuant to sec. 971.01(1), Stats., it then becomes the duty of the prosecutor to examine the transactions or facts considered or testified to at the preliminary examination to determine the charges to be brought in the information. *See also Hooper,* 101 Wis. 2d at 537.

We conclude a prosecutor may bring additional charges in the information so long as the charges are not wholly unrelated to the transactions or facts considered or testified to at the preliminary examination, irrespective of whether direct evidence concerning the charges had been produced at the preliminary examination. The charges must be "related in terms of parties involved, witnesses involved, geographical proximity, time, physical evidence, motive and intent." *Bailey,* 65 Wis. 2d at 341.

We next address whether the additional counts alleged by the State in the information against Burke satisfy that test. Count two alleged an act of vaginal intercourse. Count three alleged an act of anal intercourse. Count four alleged an act of touching B.L.K.'s breasts. Count five alleged an act of Burke touching his penis to B.L.K.'s mouth.

The confines of the evidence produced at Burke's preliminary examination, based upon Burke's statements to the police, established that Burke met B.L.K. in downtown Madison. Burke took B.L.K. to his residence and into his bedroom to listen to music. Burke and B.L.K. sat on the bed and began kissing. Burke turned the bedroom light off. Burke partially disrobed B.L.K. and himself. Burke touched B.L.K.'s breasts. Burke then attempted to have vaginal intercourse with B.L.K., but

she refused. Burke turned B.L.K. onto her stomach and had anal intercourse with her. During the act, B.L.K. was crying and emotionally upset. B.L.K. was described as hysterical. After the entire episode, Burke and B.L.K. left for the bus station. B.L.K. continued to cry. Evidence was also presented that B.L.K. was age thirteen at the time of the incident.

■

We conclude the charging of counts two through five in the information was a proper exercise of prosecutorial discretion. It is beyond dispute that counts two through five were not wholly unrelated to the transactions or facts considered or testified to at Burke's preliminary examination. Each of the additional counts plainly contemplated the same parties, witnesses, geographical proximity, time, physical evidence, motive and intent. The circuit court itself stated it was clear the additional counts were not wholly unrelated.

Burke further contends sec. 970.03(10), Stats. 1987-88,[5] precludes the State from alleging counts two and three in the information because those counts had been dismissed by the circuit court at the preliminary examination.

■

We find no basis for Burke's contention. Section 970.03(10), Stats., applies only to multiple count complaints. The complaint upon which Burke's preliminary examination was conducted alleged only a single count of sexual assault. The other counts originally included in

---

[5]Section 970.03(10), Stats., provides:

**Preliminary examination** . . .. In multiple count complaints, the court shall order dismissed any count for which it finds there is no probable cause. The facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971. Section 970.04 shall apply to any dismissed count.

the complaint had been dismissed, on the State's motion and without objection, prior to taking of any testimony at the preliminary examination.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded to the circuit court for further proceedings not inconsistent with this opinion.

SHIRLEY S. ABRAHAMSON, J. (dissenting). This case involves the rights of a person after arrest and before trial.

The specific issue presented is whether sec. 971.01(1), Stats. 1987–88, permits the state to charge a person after the preliminary examination with a crime not supported by any evidence adduced at the preliminary.

The state charged four crimes in the complaint. At the preliminary examination the state moved, without opposition, to dismiss three of these charges. The state conceded in the circuit court that it had introduced evidence at the preliminary examination of only one crime.[1]

---

[1]At a hearing in Dane County Circuit Court, the Honorable Mark A. Frankel, presiding, and Ms. Judy Schwaemle, the prosecutor, engaged in the following exchange:

> THE COURT: . . . Am I correct, Ms. Schwaemle, that the defendant's statement relied on at the preliminary examination or his confession makes no reference to any of the other charges set forth in the Information other than one act of anal intercourse with the victim?
>
> MS. SCHWAEMLE (Assistant District Attorney): That's correct.
>
> THE COURT: And that there was no additional evidence adduced of these other charges at the time of the preliminary examination?
>
> MS. SCHWAEMLE: That's correct.

Motion Hearing Transcript, February 5, 1988, at 15. See also

> After the preliminary the state filed the information charging the accused with several crimes.

State's Brief filed in the circuit court in Support of State's Motion to Reconsider, February 9, 1988, at 2.

Ms. Schwaemle was the assistant district attorney representing the state at the preliminary examination, in the hearing on defendant's requesting the circuit court to strike counts II through V, and in the hearing on the state's motion requesting the circuit court to reconsider its decision to strike counts II through V.

Ms. Schwaemle clearly and repeatedly advised the circuit court in both oral and written presentations that the police officer's recitation of the defendant's statement to the police, the sole evidence at the preliminary examination, supported count I only; that the victim's statements of other acts not presented in evidence at the preliminary examination were the basis of counts II through V; that the evidence presented at the preliminary examination supported only count I; and that the offenses described in counts II through V "occurred within an hour or two of count I," not, as the state's brief on appeal asserts, at the same time as count I. See Record 32:8, 13–14, 15, 47–48.

The State's Brief in Circuit Court on the state's Motion to Reconsider, Record 22:2, relates the assistant district attorney's position as follows: The alleged victim's "statement details at least five separate acts of sexual assault, which conduct formed the basis for counts two through five of the Information. These acts, as outlined in the police reports, occurred at the same place as count one, within an hour or two of count one, and involved the same participants."

The state's brief filed by the attorney general's office on appeal, the majority opinion, and the concurring and dissenting opinion contend that the evidence at the preliminary examination supports counts II and IV. This contention contravenes not only the evidence presented at the preliminary examination but also the assistant district attorney's description of the evidentiary basis for counts II and IV of the Information that she signed, the assistant district attorney's representations to the circuit court of

460

The majority opinion upholds the state's charging process in this case, concluding that a district attorney

the evidence she was relying on in charging those counts, and the circuit court's conclusion.

Upon reading the entire record—that is, the transcripts of the preliminary hearing, of the hearing on the defendant's motion to dismiss counts II through V, and of the hearing on the state's motion to reconsider the circuit court's decision to dismiss counts II through V and the memoranda submitted to the circuit court by counsel—I conclude that the record supports the assistant district attorney's and the circuit court's conclusion that the evidence adduced at the preliminary examination does not support counts II through V.

The information set forth five counts alleging that the defendant had sexually assaulted a person over the age of 12 and under the age of 16 on August 18, 1987 (except for count III which is undated):

Count I. Sexual intercourse (penis to anus)
Count II. Sexual intercourse (penis to vagina)
Count III. Sexual intercourse (penis to anus)
Count IV. Sexual contact (touching breast)
Count V. Sexual contact (touching penis to mouth)

Regarding *count I,* the state and the defendant agree that evidence was adduced at the preliminary examination to support this count.

Regarding *count II,* the state's brief on appeal concedes that there was no evidence at the preliminary examination to support this count. The officer testified that the defendant stated (in his oral statement of confession) that he touched the victim's vaginal area just before committing anal intercourse. Sec. 939.22(36) defines sexual intercourse as requiring vulvar penetration, and sec. 939.22 (34) defines sexual contact as the intentional touching of intimate parts of another person. The state's brief on appeal asks that the state be allowed to amend count II to charge sexual contact rather than intercourse. See Brief and Appendix of Plaintiff-Appellant, p. 26, n. 2. No amendment is needed because the

461

may charge a person with any crime that "is not wholly unrelated" to the transactions or facts considered at the

record shows that the assistant district attorney charged count II, not on the basis of the testimony at the preliminary examination, but on the victim's statement about sexual intercourse "within an hour or two" of the commission of count I, evidence not presented at the preliminary examination.

Regarding *counts III and V,* the state's brief on appeal concedes that no evidence was introduced at the preliminary examination on these counts.

Regarding *count IV,* the state's brief on appeal correctly asserts that the officer testified that the defendant said he fondled the defendant's breasts just before committing anal intercourse. The record shows that the assistant district attorney charged count IV, not on the basis of the testimony at the preliminary examination about fondling, but on the victim's statement that the defendant touched her "within an hour or two" of the commission of count I, evidence not presented at the preliminary examination. The police officer testifying at the preliminary examination about the defendant's statement upon arrest (which was not introduced) and the assistant district attorney, in contrast to the state's (attorney general's) brief on appeal, apparently viewed the defendant's touching the breasts and vaginal area as part of a single, uninterrupted anal intercourse charged in count I and not as separate offenses. *State v. Eisch,* 96 Wis. 2d 25, 31, 34, 291 N.W.2d 800 (1980); *State v. Hirsch,* 140 Wis. 2d 468, 474–75, 410 N.W.2d 638 (Ct. App. 1987) (a defendant ought not to be charged, tried or convicted for offenses that are substantially alike when they are part of the same episode).

The assistant district attorney's repeated statements in open court and in memoranda to the circuit court do not suggest that the "Assistant District Attorney misunderstood the judge's question, or simply did not recall the facts of record—an understandable lapse given the workload of the Dane County District Attorney's office," see page 475 (Bablitch, J. dissenting in part, concurring in part). The assistant district attorney well understood her case and the charges of sexual intercourse and conduct

462

preliminary examination, irrespective of whether direct evidence concerning the crime is produced at the preliminary examination. Majority at page 457. Thus the majority opinion abrogates protections the legislature has expressly granted to defendants for more than one hundred years and overturns more than one hundred years of case law. I would affirm the decision of the court of appeals and the order of the circuit court and therefore dissent.

## I.

The majority opinion's interpretation of sec. 971.01(1) conflicts with the words of the statute. From 1875[2] until the present day, the legislature has directed the district attorney to file an information "according to the *facts*" or "according to the *evidence*" at the preliminary examination.

The governing statute, sec. 971.01(1), Stats. 1987–88, provides:

she was prosecuting against the defendant. The assistant district attorney signed the information. She knew the evidence upon which she was relying when she signed the information. The district attorney explained she wanted to spare the victim from testifying at the preliminary examination and intentionally introduced evidence of only count I, thinking that this evidence was sufficient to justify additional charges in the Information that were not wholly unrelated to the evidence considered at the preliminary.

[2] It shall be the duty of the district attorney . . . to inquire into and make full examination of all facts and circumstances connected with any case of preliminary examination . . . and to file an information setting forth the crime committed *according to the facts* ascertained on such examination and from written testimony taken thereon, whether it be the same offense charged in the complaint on which the examination was had or not . . . .. Ch. 190, Laws of 1875 (emphasis added).

The district attorney shall examine all facts and circumstances connected with any preliminary examination . . . and . . . shall file an information according to the *evidence* on such examination . . .. (Emphasis added.)

Section 971.01(1) does not authorize the district attorney to file an information including a charge for which no evidence was adduced at the preliminary examination. If the legislature intended to state the rule as the majority opinion holds, it would have done so. It has not.

## II.

The majority opinion's interpretation of sec. 971.01(1) contravenes the legislative policy underlying the preliminary examination. Examining the nature and purpose of the preliminary examination the court concluded in *Theis v. State,* 178 Wis. 98, 103, 189 N.W. 539 (1922), that

the object or purpose of the preliminary investigation is to prevent hasty, malicious, improvident, and oppressive prosecutions, to protect the person charged from open and public accusations of crime, to avoid both for the defendant and the public the expense of a public trial, and to save the defendant from the humiliation and anxiety involved in public prosecution, and to discover whether or not there are substantial grounds upon which a prosecution may be based.[3]

I conclude that the purposes of the preliminary are better achieved by interpreting the statute as it is writ-

---

[3]Quoted with approval in *State v. Dunn,* 121 Wis. 2d 389, 395, 359 N.W.2d 151 (1984). See Note, *The Function of the Preliminary Hearing in Federal Pretrial Procedure,* 83 Yale L.J. 771, 779–83 (1974).

ten. Requiring a factual basis in the prelimination examination for each crime charged in the information helps ensure that both the defendant and the state will be spared the expense of a long and costly trial. Requiring a factual basis for each crime charged is a crucial step in protecting all citizens from hasty, malicious, improvident, or oppressive prosecutions.

The legislative policy of requiring a factual basis for each charge in the preliminary examination appears not only in sec. 970.03(1) but also in secs. 970.03(10)[4] and 970.04,[5] Stats. 1987–88. While the latter two provisions are not directly involved in this case, they express the legislative policy that every criminal charge should be based on facts adduced at the preliminary examination.

Section 970.03(10) provides that the court shall dismiss any count in a multiple count complaint if at the end of the preliminary no probable cause exists. The section further provides that the facts arising out of any count the court dismisses shall not be the basis for a count in any information filed pursuant to chapter 971. Sections 970.03(10) and 970.04 provide that if a district attorney wishes to charge the count that the court has dismissed, the district attorney must file another complaint if he has or discovers additional evidence. The

___

[4]Section 970.03(10), Stats. 1987–88, provides: "In multiple count complaints, the court shall order dismissed any count for which it finds there is no probable cause. The facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971. Section 970.04 shall apply to any dismissed count."

[5]Section 970.04, Stats. 1987–88, provides: "If a preliminary examination has been had and the defendant has been discharged, the district attorney may file another complaint if he has or discovers additional evidence."

court must conduct a preliminary examination on the new charge.

I conclude that the majority opinion's holding does not comport with the legislative policy underlying secs. 971.01(1), 970.03(10) and 970.04, Stats. 1987–88.

## III.

The majority opinion's interpretation of sec. 971.01(1) conflicts with over 100 years of case law interpreting and applying sec. 971.01(1) and its precursors. The court first considered the powers and duties of the district attorney in filing an information in 1877. In *State v. Leicham,* 41 Wis. 565, 574–75 (1877), this court interpreted a forerunner of sec. 971.01(1) as permitting the district attorney to charge in an information only those crimes with an evidentiary or factual basis in the record of the preliminary examination.[6]

Since 1877 this court has consistently followed and applied the rule announced in the *Leicham* case in an unambiguous line of cases.[7] As this court stated in 1938,

---

[6]In *Leicham* the court recognized that ch. 190, Laws of 1875, which gave the prosecutor's greater latitude to file additional charges in the information regardless of the ruling of the examining magistrate in a preliminary hearing, nevertheless required that the prosecutor could file a charge only if there was a factual basis for the offense within the testimony or on the record.

The court stated: "Manifestly, under the statute . . . the district attorney may exhibit an information against the accused, and bring him to trial, for any criminal offense which the testimony taken on the examination shows that he has committed." *Leicham, supra,* 41 Wis. at 574.

[7]See also, *e.g., Porath v. State,* 90 Wis. 527, 534, 63 N.W. 1061 (1895); *Secor v. State,* 118 Wis. 621, 95 N.W. 942 (1903); *Dahlgren v. State,* 163 Wis. 141, 143, 157 N.W. 531 (1916); *Mark v. State,* 228 Wis. 377, 383–84, 280 N.W. 299 (1938); *Whitaker v.*

"the statute has been considered many times by this court, and it has always been held that it means what it says." *Mark v. State,* 228 Wis. 377, 383, 280 N.W. 299 (1938). I could not find a case, nor has the majority set forth any case, that has applied the rule the majority opinion adopts. The cases have applied the statute to require a factual or evidentiary basis in the preliminary examination for a charge to be included in the information.

The majority opinion nevertheless points to two cases to support its holding that the statute does not mean what it says but rather permits a prosecutor to include charges in an information without a factual or evidentiary basis: *State v. Fish,* 20 Wis. 2d 431, 438, 122 N.W.2d 381 (1963), and *Bailey v. State,* 65 Wis. 2d 331, 222 N.W.2d 871 (1974). I find the majority opinion's reliance on these two opinions unpersuasive.

The majority opinion places heavy emphasis on language in *Fish* that briefly summarized the law pertaining to filing additional charges in an information as follows:

> The state in its information may allege acts in addition to those advanced on preliminary hearing so long as they are not wholly unrelated to transactions or facts considered or testified to at the preliminary. *Mark v. State,* 228 Wis. 2d 377, 280 N.W. 299 (1932). *Fish, supra,* 20 Wis. 2d at 438.

The majority opinion suggests that this single sentence in *Fish* represents a significant break with precedent. Upon examination of the sentence, I conclude that the *Fish* opinion does not support the majority's holding.

State, 83 Wis. 2d 368, 373, 265 N.W.2d 575 (1978); *Lofton v. State,* 83 Wis. 2d 472, 482, 266 N.W.2d 576 (1978); *State v. Hooper,* 101 Wis. 2d 517, 534, 305 N.W.2d 110 (1981); *State v. Michels,* 141 Wis. 2d 81, 88, 414 N.W.2d 311 (Ct. App. 1987).

Nothing in the *Fish* opinion suggests that the court was adopting a new interpretation of sec. 971.01(1). The *Fish* case cites the *Mark* case as the source of the sentence upon which the majority opinion relies. If the sentence from *Fish* is read in the context of the language of the *Mark* decision, it is clear that the *Fish* case does not support the majority's holding in this case. The *Mark* court stated:

> [The] statute has been considered many times by this court, and it has always been held that it means what it says. It clearly authorizes the district attorney to file an information setting forth the crime committed according to the facts ascertained on such examination and from the written testimony taken thereon, whether it be the offense charged in the complaint on which the examination was had or not. In *Porath v. State,* 90 Wis. 527, 63 N.W. 1061, that statute [citation omitted] was discussed. In that case a plea of abatement was interposed on the ground that the defendant had not had a preliminary examination on a certain count of the information. The plea in abatement was overruled and full force and effect given to the statute. [Citations omitted.]
>
> From all of these cases it clearly appears that sec. 355.17, Stats., permits the district attorney to file an information containing such charge as the facts adduced at the preliminary examination warrant. Such an information must, of course, be based upon the facts brought out on the preliminary examination. *It would be improper for a district attorney, against the objection of a defendant, to file an information charging a crime wholly unrelated to the transactions or facts considered or testified to at the preliminary examination.* 228 Wis. 383-84. (Emphasis added.)

Relying on numerous cases beginning with *Porath,* the *Mark* court concluded, as all prior cases had, that the district attorney may file an information containing such charges only as the facts adduced at the preliminary examination warrant.

The *Fish* court paraphrased *Mark* by omitting the lengthy statements requiring a charge to be based on the facts and by changing *Mark's* statement describing improper charges that were prohibited by case law to a statement in *Fish* describing proper charges that could be filed in an information by a district attorney. When we compare the language of the two opinions in their entirety, it is clear that *Fish* sought to restate *Mark* and its precedent without changing the meaning of the test applied by the court.

The actual holding in *Fish* further undercuts the majority opinion's interpretation of the case's significance. In *Fish,* the court looked at the facts adduced at the preliminary, not whether the charge was not wholly unrelated to the transactions considered at the preliminary. The *Fish* court thus applied the *Mark* and *Leicham* rule, not the rule the majority opinion sets forth. The *Fish* case, and the *Mark* case upon which *Fish* relies, are diametrically opposed to the majority opinion's holding and interpretation of the statute.

The majority opinion also relies on what it characterizes as the "holding" in *Bailey v. State,* 65 Wis. 2d 331, 222 N.W.2d 871 (1974), namely that "in a multiple-offense transaction case, once the defendant has been bound over for trial on at least one count relating to the transaction, the prosecutor may in the information charge additional counts not wholly unrelated." Majority at page 453. See also page 456.

Contrary to the majority's assertion, the *Bailey* court's adoption of the *Fish* language is clearly dicta, not

the holding of the case. In *Bailey,* the court extensively examined the *evidence* presented at the preliminary hearing and held that "[t]here was ample evidence presented at the preliminary to support a finding of probable cause as to each of the counts contained in the information." See *Bailey, supra,* 65 Wis. 2d at 341–43.

Furthermore, the *Bailey* case does not, as the majority opinion asserts, overrule *State v. Leicham, supra,* 41 Wis. 565, 574–75 (1877), expressly or sub silentio. *Bailey* relies on *Leicham: Bailey* cites *Fish; Fish* cites *Mark; Mark* cites *Porath,* and *Porath* cites *Leicham.* The *Leicham* case requiring district attorneys to bring charges based only on the facts adduced at the preliminary is implicitly affirmed by the *Bailey* case.

The dicta in *Bailey* misinterpreted *Fish* as supporting the statement that "charges in addition to those advanced at the preliminary hearing 'so long as they are not wholly unrelated to the transactions or facts considered or testified to at the preliminary.'" *Bailey, supra,* 65 Wis. 2d at 341. As I explained above, *Fish* does not support this statement.

Thus from *Leicham* (1877) until *Bailey* (and thereafter) this court has interpreted sec. 971.01(1) as "meaning what it says": all charges filed in the information must be supported by facts or evidence adduced at the preliminary examination.

Finally, the majority opinion's attempt to undermine the post-*Bailey* decisions which have consistently reaffirmed the *Leicham* rule, see majority at 453–456, is unpersuasive.

The majority opinion dismisses the court's analysis in *Whitaker v. State,* 83 Wis. 2d 368, 373, 265 N.W.2d 575 (1978), as a "cursory reference" to the statute. Majority at 454. In *Whitaker,* the court considered Milwaukee county prosecutors' practice of holding the

arraignment immediately after the preliminary examination and reading the transcript of the preliminary examination after the arraignment and amending the information to add charges based on evidence adduced at the preliminary. The court implicitly affirmed the practice, recognizing that the "statute provides that the prosecuting attorney shall file an information based on the evidence elicited at the preliminary examination." *Whitaker,* 83 Wis. 2d at 373.

Again, in *Lofton v. State,* 83 Wis. 2d 472, 266 N.W.2d 576 (1978), Chief Justice Beilfuss (the author of the *Bailey* decision), writing for the court, cited *Marks* and summarized sec. 971.01(1) as follows: "A district attorney is permitted to file an information containing such charges as the facts adduced at the preliminary examination warrant. The information must be based upon the facts brought out on the preliminary examination." *Lofton, supra,* 83 Wis. 2d at 482.

The majority opinion contends that the court was misguided in *Lofton* and failed to consider the statute "in the broad context of cases such as *Bailey* and its predecessors." Majority at 454. I conclude that the language and holdings of *Lofton* and the other cases, viewed in narrow or broad context, support the *Leicham* rule, not the rule set forth in the majority opinion.

Despite the majority opinion's unsuccessful attempts to explain it away, *State v. Hooper,* 101 Wis. 2d 517, 305 N.W.2d 79 (1981), correctly interpreted *Bailey, Mark* and *Whitaker* as "clearly establish[ing] . . . that the statute [971.01, Stats.] provides that the prosecuting attorney shall file an information based on the evidence elicited at the preliminary examination." 101 Wis. 2d at 535. See also *Hooper, supra,* 101 Wis. 2d at 536, 537, 539. The *Hooper* court applied the *Leicham* rule and held "that the evidence introduced at the pre-

liminary hearing provides a factual basis upon which the district attorney may have reasonably concluded that the crime of second degree murder was committed." *Id.* at 543.

This court has steadfastly adhered to the teachings of *Leicham.* The majority opinion overrules an extensive body of law interpreting an old statute. If the statute needs to be changed, that is a task of the legislature, not this court.[8]

For the reasons set forth, I would affirm the order of the circuit court and the decision of the court of appeals. Those courts properly concluded that "sec. 971.01(1), Stats., requires the prosecutor to file an information containing only charges based on evidence presented at the preliminary hearing." *State v. Burke,* 148 Wis. 2d 125, 129, 434 N.W.2d 788 (Ct. App. 1988).

WILLIAM A. BABLITCH, J. (dissenting in part, concurring in part).   I agree with the law and reasoning expressed in the dissenting opinion that the counts contained in the Information must be based upon evidence produced at the preliminary examination. However, the dissent would allow only one of the counts to stand, and

---

[8]Art. I, sec. 8 provides that "no person shall be held to answer for a criminal offense without due process of law . . .." The court held in *Rowan v. State,* 30 Wis. 129 (1872), that the words "due process of law" do not require a presentment or indictment by a grand jury; a preliminary examination constitutes due process of law. This court noted in *State v. Dunn,* 121 Wis. 2d, 389, 394, 359 N.W.2d 151 (1984), that although this court has said that the right to a preliminary examination is a statutory, not a constitutional, right, certain federal constitutional rights might be implicated in the preliminary examination. *Id.* at 394, n. 6. The parties have not raised or briefed any constitutional issues.

it is that conclusion to which I object. I conclude that there is evidence in the preliminary examination to support three of the counts in the Information. Accordingly, I concur with the result of the majority opinion with respect to three of the counts but not its reasoning, and join the dissent with respect to two of the counts.

The dissent, which would allow only one of the counts to stand, is based on a faulty premise. That premise is that the state introduced evidence at the preliminary examination of only one crime.[1] I have reviewed the

[1]The dissent insists that only count I is supported in the record and that "the record supports the assistant district attorney's and the circuit court's conclusion that no evidence adduced at the preliminary examination supports counts II through V." Dissenting op. at 459 n. 1.

The dissent is incorrect. The only evidence of record supporting the bind-over is from the preliminary examination, and the evidence supports counts I, II, and IV.

The transcript of the preliminary examination consists of 20 pages. The entire testimony relating to counts I, II, and IV is relatively short. It consists of the testimony of Detective Robert M. Lombardo of the Madison Police Department. There is no testimony with respect to counts III and V.

DIRECT EXAMINATION:

Q. What did he say happened after that?

A. He stated that he unbuttoned her blouse and then took off her white pants completely off and took her underpants down to, I believe her knee or ankles, I can't quite remember, one or the other. She had a bra on, he pushed that up and he stated that he kissed her breasts and felt her breasts and prior to that, he had taken off his blue jeans and underpants.

[Author's note: the above supports count IV. Sexual Contact (touching breast)]

Q. Did he describe to you any further sexual contact that he had with [B.K.]?

A. Yes, he did.

transcript of the preliminary examination. It is clear from the transcript that the state introduced evidence of three crimes: count I (sexual intercourse involving penis

Q.  What did he tell you happened?

A.  He stated that he laid down with her on his bed and that he started to attempt to have intercourse with her and his penis was against her pubic or vaginal area but she immediately said no, she didn't want to do it, that she was afraid of getting pregnant and getting AIDS.

[Author's note: The above supports count II. Sexual intercourse (penis to vagina)]

Q.  Did he say anything further happened?

A.  He stated that when she made this statement to him, that he turned her on her stomach and started to perform sex anally.

Q.  When he said that to you, did he mean that he put his penis in her anus?

A.  I specifically asked him that.

Q.  What did he say when you asked him that?

A.  He said he did.

Q.  Did he describe to you anything else that occurred?

A.  He stated that he was having a hard time having relations with her.

Q.  What do you mean by having relations with her?

A.  With his penis inside her anally and grabbed a bottle of Palmolive dish soap that had been on the floor and put it on her buttocks area and anus area to help lubricate his penis for penetration.

Q.  Did he describe to you anything further that occurred between himself and [B.K.]?

A.  He stated that she started crying and doesn't—he didn't recall if she told him to stop or not, but that he did reach a climax and that after he removed himself, his penis from her, she was emotionally upset and crying a lot and he didn't know exactly why this was occurring.

[Author's note: The above supports count I. Sexual intercourse (penis to anus)]

474

to anus), count II (sexual intercourse involving penis to vagina, and count IV (involving touching of the victim's breasts).

The dissenting opinion, as the basis for its conclusion that the facts produced at the preliminary examination support only one crime, points to a concession made by the Assistant District Attorney at a hearing held before the court following the preliminary examination. *See* dissenting op. at 459 n. 1. There is no question that the dissent accurately depicts the concession. However, the concession has no support in the record.

The assistant district attorney "conceded" that the defendant's statement relied on at the preliminary examination makes no reference to any of the other charges set forth in the Information other than the one act of anal intercourse. That is simply not the fact. Either the assistant district attorney misunderstood the judge's question, or simply did not recall the facts of record—an understandable lapse given the workload of the Dane county District Attorney's office. In any event, the concession has no support in the record and we are not, and should not be, bound by it.

Q. Did he describe any other sexual contact between himself and [B.K.]?

A. There wasn't any more that he stated he had.

Q. Thank you. I have nothing further.

The cross examination of Detective Lombardo with respect to these counts consisted of a few short repetitive questions regarding counts I, II, and IV.

The dissent's position that this record supports count I, but not counts II and IV, is logically inconsistent. Either this testimony supports counts I, II, and IV, or it supports none. And a concession made by the assistant district attorney in response to a question from a judge who did not preside at the preliminary examination cannot change that.

The record reflects that the detective testified to admissions of the defendant regarding counts I, II, and IV. Each admission testified to was a cursory statement by the defendant. No additional evidence was produced regarding those counts. With respect to counts III and V, there was not one iota of evidence produced to support them. Therefore, I would allow counts I, II, and IV to stand and dismiss counts III and V.

I am authorized to state that CHIEF JUSTICE NATHAN HEFFERNAN joins in this opinion.